## HOWES *a.* DAVIS.

*Supreme Court, First District; Special Term, December,* 1856.

### RECEIVER.—COMMISSIONS.—DISBURSEMENTS.

By the fair construction of 2 Revised Statutes, 93, § 58,—allowing commissions to executors, &c., for "receiving and paying out" moneys,—one-half of the specified rates are to be allowed for receiving, and one-half for paying out.

A receiver is entitled to commissions at the rates prescribed by 2 Revised Statutes, 93, § 58; and he is also entitled to be repaid actual disbursements, prudently made or incurred, in the case of the trust property.

Application for an adjustment of a receiver's charges.

CLERKE, J.—The commissions allowed by the Revised Statutes, to executors (2 *Rev. Stats.*, 93), are:—

For receiving and *paying out* all sums of money not exceeding $1,000—5 per cent.

For receiving and *paying out* all sums of money not exceeding $4,000—2½ per cent.

For all sums above $5,000—1 per cent.

That is, for *receiving*, one-half these rates, and for *paying out,* one-half.

This is the construction put upon this provision by the late Chancellor; if I can judge from the charges allowed by him and prescribed in the precedent of a form of an account current to be rendered by a guardian, committee, or receiver, attached to his rules (see *Rules of* 1839, 169). He allowed the same commissions to guardians, receivers, &c., which the Revised Statutes allowed to executors, and the method he adopted is the fair construction.

I think, therefore, that the receiver in this case is entitled for his commission only to $125 for *receiving* $15,000.

He is also entitled to the same rate for whatever he has actually *paid out;* which, in this case, is only the amount he has paid, or has incurred, for watching, and for legal assistance: and I shall allow him for these expenses, in addition to his commission on them, the charge he has made in his bill for watchmen and his legal adviser, which, under the circumstances of the case, I do not consider too high.

With regard to the rent, I shall allow him nothing; because, he has plainly incurred no responsibility on that account.