SNEAD *et al.*, Plaintiffs in Error, v. WEGMAN, Defendant in Error.

1. A justice of the peace, under section 21 of the second article of the attachment act of 1845 (R. C. 1845, p. 151), ordered the sale of a wood-boat in the custody of a constable under a writ of attachment issued by said justice. *Held*, that, on a final determination of the attachment suit adversely to the plaintiff therein, the defendant would be entitled to the entire proceeds of the sale of the boat, and might recover the same from the constable, although no order had been made by the justice with respect thereto.
2. Any sum that might be allowed the constable, under section 45 of the second article of the attachment act of 1845, as compensation for his trouble and expense in keeping the boat, should be taxed as costs in the cause and would fall on the unsuccessful party; the constable would not have a lien on the proceeds of the sale of the boat for the necessary expenses of keeping and selling it.
3. Only the interest of the defendant in the attachment could be attached and sold; hence he alone could sue the constable for the proceeds of the sale of the boat.

### Error to St. Louis Law Commissioner's Court.

Wegman, a constable of St. Louis township, in obedience to a writ of attachment issued by John Black, a justice of the peace in and for said township, seized as the property of Snead a wood-boat lying at the wharf in St. Louis. The justice afterwards, on the petition of said constable, ordered said boat to be sold as perishable property. The boat was sold under this order for $100. The costs, charges and expenses of the safe keeping and sale of the boat were $72, leaving a balance of $28 in the hands of the constable. After the sale there was a trial in the justice's court and judgment was rendered for the plaintiff in the attachment. The defendant Snead appealed and the plaintiff was nonsuited in the law commissioner's court. No order was ever made requiring the constable to pay over the proceeds of the sale to any one.

This suit was brought by plaintiff Snead and another to recover the $100, the proceeds of sale. They alleged that they were joint owners of said wood-boat. The court gave judgment for plaintiffs for $28, declaring the law to be as fol-

lows: " 3. In this case the defendant had a lien on the proceeds of the sale of the property in his hands for the necessary expenses of the safe keeping and sale of said boat." Plaintiff sued out his writ of error.

*D. C. Woods* and *Buckner*, for plaintiffs in error.

I. The defendant had no lien on the proceeds as declared by the court. The officer held the proceeds just as if they were the goods themselves. The case was decided for the defendant. The plaintiff was not entitled to the goods; why should the officer be ? The costs fell on the losing party.

II. The defendant in his answer alleged a tender of $28, the balance of the $100. He waived the necessity of an order on him to pay over any sum in his hands. There was testimony tending to show that he had been served with an order to pay over the proceeds.

*Krum & Harding*, for defendant in error.

I. Wegman was not bound to take notice of the judgment of nonsuit on appeal to the law commissioner's court, there being no certificate of any such judgment sent down to the justice. The officer had the right to retain the proceeds of the sale until the final determination of the cause and to then dispose of the fund according to the order of the court.

II. The plaintiffs can not sue jointly. The money in the defendants' hands were the proceeds of Snead's interest in the boat and not the interest of his co-owner. If it belongs to either, it is to Snead alone.

RICHARDSON, Judge, delivered the opinion of the court.

The twenty-first section of the second article of the attachment act of 1845 declares that "when property shall be seized on attachment, which is likely to perish or depreciate in value before the probable end of the suit, or the keeping of which would be attended with much loss or expense, the justice may order the same to be sold by the constable in the same manner and on the same notice as goods are required

to be sold on *fieri facias*, and the proceeds of such sale shall remain in the hands of the constable, subject to be disposed of as the property would have been subject if it had remained in specie." It can not be doubted that if the boat had not been sold Snead would have been entitled to the possession of it after the dissolution of the attachment by the nonsuit of the plaintiff; and having prevailed in the suit, judgment for costs would have been rendered against the losing party. The forty-fifth section of the same act provides, that " when property is seized on attachment, the justice may allow the officer having charge thereof such compensation for his trouble and expenses in keeping and maintaining the same as shall seem reasonable and just;" and, as the measure of compensation is not fixed by law, the officer is not permitted to determine the amount, but it must be ascertained and allowed by the justice ; and until it is so allowed he has no demand against either of the parties to the suit. When, however, his compensation for his trouble and expenses in taking care of the property is properly allowed, the allowance would be taxed as costs in the cause and would fall on the unsuccessful party. The boat having been sold, Snead had the right after the nonsuit to follow the proceeds of the sale in all respects as if the property had remained in specie ; and if he was not liable for the general costs of the suit, it is difficult to perceive on what principle he was bound to pay this demand of the constable.

The defendant tendered to the plaintiffs before the commencement of this suit a portion of the proceeds of the sale, and it can not now be said that he had no notice of the dissolution of the attachment.

The attachment was against Snead alone, and the officer could only seize and sell his interest ; therefore the money in the defendant's hands belonged to Snead, in which his co-plaintiff had no interest and was improperly joined in the action ; but the objection to the misjoinder was not raised in the court below, and if it had been taken the petition could

have been amended by striking out the name of Shelton. (2 R. C. 1855, p. 1253.)

The judgment will be reversed and the cause remanded, with leave to the plaintiffs to amend the petition by striking out the name of Shelton. The other judges concur.