## THOME et al. v. COLTON.

1. Personal property: CONFUSION: JOINT OWNERS. The rule of law that, where one voluntarily intermixes and confuses his own goods with those of another, the latter may claim the whole, does not apply to a case where one joint owner, without any fraudulent intent, prosecutes in his own name and procures the allowance of in gross, a claim, composed of several items, for damages done to the joint property, as well as to some owned by himself individually. And it may well be doubted whether the rule would apply in any case where the confusion was honest though voluntary.

2. —— CONTRACT: CONTRIBUTION. For the payment of the proper expenses incurred by such joint owner in procuring the allowance of the claim, the co-owner was held liable to contribute his proportionate share.

*Appeal from Lee District Court.*

SATURDAY, JUNE 26.

BY an act of the Eighth General Assembly approved March 3d, 1860, certain persons were made a board of commissioners for the purpose of ascertaining all the liabilities, whether in suit or otherwise, against the Des Moines River Improvement or the State of Iowa, growing out of the said improvement, etc. (Laws of 1860, p. 18.) Under that act, the defendant, E. S. Colton, presented to said board a claim for $21,000 embraced in three items, in substance as follows: On account of the destruction of the mill and a large quantity of grain therein, $15,000 ; on account of subsequent removal of part of the dam and loss of power thereby, $2,000 ; and on account of carrying out one end of dam in 1859 and washing away of mill yard, etc., $4,000. The commissioners allowed on all these items the sum of $13,500, but made no specification as to the amount allowed for each.

The plaintiffs bring this suit and claim that they were the owners of the mill which was embraced in the first item, but make no claim to the grain therein or to either of the other items, and ask to recover the amount which was allowed, Colton upon their two-thirds interest; claiming $10,000.

The defendant Colton claims that he claimed and was only allowed for his own one-third interest, and not for plaintiffs two-thirds interest. He also claims that he expended $3,200 in procuring the legislation necessary to open the way for him to establish the claim, and in attorney's fees before the commissioners, etc., which he claims shall be deducted *pro rata* from plaintiffs' claims if they shall recover. He also presented certain accounts against the plaintiffs individually as set-offs to their claim. To the set-offs the plaintiffs reply with set-offs.

Thome v. Colton.

The cause was referred to J. L. Rice, Esq., as commissioner to ascertain the state of accounts, etc., and to report. Upon his report the District Court rendered judgment for plaintiffs, finding that the allowance to Colton for the mill by the board of commissioners was $9,000, two-thirds of which belonged to plaintiffs, to wit, $6,000 ; that Colton's expenses, attorneys fees, etc., for the whole claim ($13,500) was $3,000 ; the proportion to be borne by the mill allowance was $2,000, and plaintiff's portion two-thirds thereof, to wit, $1,333.33, and gave plaintiffs a judgment for $4,666.67, to be first paid out of the funds set apart in the State treasury for the payment of said Colton, and dividing the balance 'among defendants, who claim under Colton, according to their priority of assignment, etc. The court dismissed the defendant Colton's set-offs, without prejudice. The plaintiffs appeal.

*Francis Semple* for the appellants.

*Rankin & McCrary* for the appellees.

COLE, J. — There are really but two questions presented on this transcript for our decision. *First,* as to the amount allowed plaintiff for the two-thirds interest in the mill. We have examined the evidence, which is in a terribly confused condition, and read it with care. It is by no means very clear or satisfactory as to the real value of the mill building at the time it was destroyed; and there is no evidence whatever of the amount allowed Colton by the board of commissioners for it That the plaintiffs were owners of two-thirds of the mill at the time it was destroyed is not controverted; and that Colton was allowed for all of it is very satisfactorily established. We cannot say that the commissioner to whom the cause

1. PERSONAL PROPERTY: confusion: joint owners.

was referred erred in the amount he found, as the value of plaintiffs' interest in the mill, and for which Colton was allowed. The District Court confirmed that finding, and we are content with it.

But the appellant's counsel insist that the defendant Colton having so mixed up the claim due plaintiffs with his own, as to render the same inseparable, shall have the doctrine applied to him which the law applies to one who fraudulently mixes his goods with those of another, so as that the goods of neither can be distinguished. That doctrine is not applicable to this case, for several reasons. The defendant Colton is not shown to have been guilty of fraud in the joining of his claim with plaintiffs. They were brothers-in-law, owned the property jointly, and had talked of prosecuting their claims together, though no definite agreement was made in relation to it. The allowance by the board of commissioners of the claims by Colton in gross, instead of by items, was not the fault of Colton, nor indeed could it properly be called even voluntary confusion of his claim with theirs. And again, the amount which plaintiffs should have been allowed for their two-thirds could now be proved, and the presumption would legitimately obtain that the commissioners did right, and allowed that amount. And as to the rule itself, it may well be doubted whether when the confusion is voluntary but honest, the owner of the goods thus mixed could recover the whole. 2 Pars. on Cont. 474. We are satisfied plaintiffs were allowed the value of their property by the judgment of the court below.

*Second.* Ought the defendant Colton to be allowed any thing for expenses incurred in securing the allowance of the claim before the board of commissioners and in securing the legislation therefor? There is no showing or allegation of wrongful or illegal use of money, or of improper influence upon legislation; but

2. —— contract: contribution.

simply the necessary expenses incurred in properly presenting the matter before the legislature and its committees, and before the board of commissioners. The defendant therefore ought to be allowed a proper proportion of his reasonable expenses thus incurred. But in our view the District Court allowed more than should have been allowed upon the evidence. The amount allowed as against these plaintiffs should not have exceeded $1,000. For this error the judgment requires modification, and it will be modified accordingly. The plaintiffs will be allowed the sum of $5,000, instead of $4,666.67, and the same proportions as directed by the original judgment of the District Court; and the balance of the allowance to Colton by the board of commissioners will also be distributed in the manner and proportions directed by that judgment. The defendants will pay the costs of this appeal. The plaintiffs may have the judgment entered in this court, or the cause will be remanded for judgment by the District Court in accordance with this opinion.

Modified and Affirmed.