MORSE v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

Costs: TAXATION OF, IN CIRCUIT COURT AFTER FINAL DISMISSAL OF CAUSE BY THIS COURT: ALLOWANCE TO RECEIVER. Pending an appeal from a decree of the circuit court placing the railroad and other property of the defendant in the hands of a receiver, a stipulation for dismissal of the cause, signed by the parties, was filed in this court and the cause was accordingly dismissed, the order providing that neither party should recover costs as against the other, except that the costs of the appeal should be equally divided between them. Afterward, on motion of the receiver in the circuit court, that court made him an allowance for his services, and ordered that the same be taxed as costs, one-half to be paid by defendant. On appeal from this order; *Held,* that if carried into effect it would annul the former decree of this court as to costs. It was, therefore, reversed. *Semble,* that the circuit court had power to make the allowance, and to order the same to be taxed as costs, but no power to enter a judgment against either party for any portion of such costs. As to this, however, HOUGH, J., was of a different opinion, holding that after the dismissal of the suit by this court, the circuit court had no power to make any allowance to the receiver.

*Appeal from Livingston Circuit Court.*—Hon. E. J. Broaddus, Judge.

Reversed.

*Geo. W. Easley* for appellant.

Hough, J.—On the 18th day of October, 1877, a decree was rendered in the Livingston circuit court, on a petition filed by the plaintiff for that purpose, placing the railroad and other property of the defendant in the hands of a receiver. On the 27th day of October, 1877, this court granted an appeal from said decree, and a bond having been filed as required by the order of this court, it was ordered that said appeal should operate as a *supersedeas.* On the 8th day of November, 1877, the transcript of the record was filed and the cause docketed in this court, and by agreement of the parties thereto, said suit was thereupon dismissed, and the order dismissing the same was on that day entered of record. That order is as follows: "Now, at this day comes the said appellant by its attorney, James Carr, and upon his motion, it is ordered by the court that this cause be placed upon the docket of this court. Thereupon, the said James Carr, Esq., the attorney of the said appellant, for and in behalf of said appellant, presents a stipulation dated October 31st, 1877, signed by said Lemuel W. Morse, the respondent herein, and by the Hannibal & St. Joseph Railroad Company, the appellant herein, by James Carr, its attorney, by which said parties stipulate that the cause be discontinued and dismissed without costs to either party as against the other, and that an order to this effect be entered without notice. And the court now being sufficiently advised of and concerning the premises, do consider and adjudge that this suit be discontinued and dismissed without costs to either party as against the other, but, that the costs of the appeal in this cause be equally divided between said parties, and that the appellant recover

against the said respondent one-half of said costs, and that he have execution therefor, and that the said respondent recover against the said appellant the other one-half of said costs and have, therefor, execution." At the January term, 1878, of the Livingston circuit court, on motion of the receiver, an allowance of $3,814.44 was made to him by the court, for his services as receiver, to be taxed as costs in the cause. Thereafter, and on the same day, the 15th day of February, 1878, the circuit court entered an order of record dismissing said cause, and adjudging that the plaintiff should recover of the defendant one-half of the costs in said court. From this judgment the defendant has appealed to this court.

There was neither occasion, nor authority, for an order in the circuit court dismissing this suit. After the appeal from the judgment of that court was allowed by this court, that court lost its jurisdiction over the cause, and the case was finally disposed of by the judgment of this court dismissing the suit, on the 8th day of November, 1877. My associates are of opinion that after that judgment was entered, the circuit court could, on a motion for that purpose, even at a subsequent term, make an allowance to the receiver for his services as such, and order the same to be taxed as costs in the cause in that court, but that it had no jurisdiction to enter a judgment against either party for any portion of such costs. We are all of opinion that the judgment of the circuit court of February 15th, 1878, as to costs in this cause, if carried into effect, would annul the judgment of this court dismissing the suit, the effect of which was, that each party should pay his own costs in the circuit court. My own opinion is, that the circuit court had no authority to make any allowance to the receiver for his services after the suit had been dismissed. That matter should have been attended to before the dismissal. To have disposed of the cause properly when it was here on appeal, the judgment of the circuit court should have been reversed and the cause remanded with directions to

the circuit court to require the receiver to restore to the defendant all the property taken from its possession together with all profits derived therefrom, and when that was done, to dismiss the suit. The circuit court would then have had an opportunity to make an allowance to the receiver. Judgment reversed.