CITY OF ST. LOUIS, Appellant, *v.* ST. LOUIS GAS-LIGHT COMPANY, Respondent.

November 29, 1881.

Where one is enjoined from prosecuting his business, dispossessed of his property, and a receiver appointed to take charge, at the plaintiff's instance, the compensation for the receiver's services is taxable as costs against the plaintiff, the losing party.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

LEVERETT BELL, for the appellant: The compensation of the receiver should be paid out of the fund. — *French* v. *Gifford*, 31 Iowa, 428 ; *Mabry* v. *Brown*, 12 Heisk. 597 ; *Cowdry* v. *Railroad Co.*, 1 Woods, 331.

GLOVER & SHEPLEY and NOBLE & ORRICK, for the respondent, cited : *The State ex rel.* v. *Gambs*, 68 Mo. 289 ; Rev. Stats., sects. 990, 991, 3662.

THOMPSON, J., delivered the opinion of the court.

This is an appeal from an order of the circuit court retaxing the amount which had been allowed as compensation to the receiver appointed in this case, as costs against the plaintiff. The question arises in this way : On the first day of June, 1876, the circuit court, on a final hearing of this cause, adjudged the equities in favor of the plaintiff, and, among other orders, made the following : "And the court doth further adjudge and decree that the defendant, the St. Louis Gas-Light Company, be forever enjoined and restrained from manufacturing or selling gas in the city of St. Louis or its suburbs, or prosecuting the business of a gas-light company. And the court doth further appoint Socrates Newman a receiver of all the property and estate, that is to say, all the gas-works belonging to the defendant, the St. Louis Gas-Light Company, on the first day of January, 1870, and now in its possession, and all that have since

that day become a part or parcel thereof, and all works, lands, grounds, buildings, interests, rights, and utensils to it now belonging, together with all the stock belonging to the business of the defendant, the St. Louis Gas-Light Company, securities, goods, effects, books, moneys, and accounts, and all other property belonging to the said business of the said company, to take charge of all and singular thereof, and to collect and get in and receive the debts now due and outstanding belonging to the said business, and to manage and conduct the said business until the further order of the court, with liberty to employ and discharge all such servants and agents, subject to the approval of this court, as he shall deem useful and expedient in the getting in of said property, estate, debts, and effects, and to manufacture gas in said works and sell the same, and to pay such servants and agents a proper and reasonable compensation for their services out of the proceeds of the property aforesaid and of the gas manufactured,     *     *     * and said receiver shall be entitled to retain out of the proceeds of said estate, property, debts, and effects aforesaid, a reasonable compensation, to be determined by the court, for his services and expenses," etc.    An appeal was taken to this court and the judgment was affirmed.    5 Mo. App. 484.    The cause was then appealed to the supreme court, where the judgment of the circuit court was reversed, " with directions to the circuit court to make a rule or order directing and requiring the receiver appointed by the decree, to restore to the possession of the defendant the gas-works and all property, real and personal, by him received in virtue of said decree, together with the profits derived therefrom ; that he report his action to the said court, upon approval of which the bill shall be dismissed."    70 Mo. 69, 121.

Upon the coming down of the mandate of the supreme court, on March 22, 1880, the circuit court entered a judg-

ment "that the injunction hereinbefore granted by the court be, and the same is hereby, dissolved, and the said cause be dismissed, and that said defendant recover its costs and charges herein expended, and have execution therefor."

Afterwards, on October 12, 1880, the court made an order on the clerk to tax the costs, or show cause, on the following day, why he should not do so. On the following day, the clerk made a return to this order, taxing the costs, and omitting from the bill of costs the sum of $45,043.50 which had been allowed the receiver by previous orders of the circuit court as his compensation. On the same day the defendant filed a motion to retax the costs, which motion the court sustained, and taxed the receiver's compensation as costs against the plaintiff. The plaintiff excepted to this order, and, two days afterwards, moved the court again to retax the costs, and to strike from the bill this item of the receiver's compensation. In support of this motion, the plaintiff offered evidence tending to show that the receiver had been in great part engaged in conducting the business of manufacturing and selling gas in the city of St. Louis, and that these services had yielded a net profit of about $1,200,-000, which had been paid over to the defendant by the receiver, under an order of the court. This evidence was objected to on the ground that it was irrelevant and incompetent, and also on the ground that, after the court had made the first order retaxing the costs in respect of this item of the receiver's compensation, the question stood adjudicated, and that it was not competent to revive the question by filing another motion to retax, which motion related only to the same item, and which hence amounted to nothing more than an application to the court to recall its former order. This point of practice is still insisted on. Possibly it may be well taken, but it is highly technical; and in a case involving such an amount we prefer to base our decision upon the merits.

In deciding that this item was taxable as costs, the learned judge of the circuit court (Adams, J.) gave the following opinion : —

"Concerning the question of taxing the receiver's salary as costs, the statutes of the state render unnecessary any consideration of the ancient chancery practice, and furnish to the court controlling authority. Section 3660 of the Revised Statutes of 1879, is as follows : ' The court shall have power to appoint a receiver, whenever such appointment shall be deemed necessary, whose duty it shall be to keep and preserve any money or other thing deposited in court, or that may be the subject of a tender, subject to the order of the court.'

"Section 3661 relates to the powers of such receiver. Section 3662 is as follows : ' The court shall allow such receiver such compensation for his services and expenses as may be reasonable and just, and cause the same to be taxed as costs, and paid as other costs in the case.'

"These sections are the same in Wagner's statutes, which were in force at the time the receiver was appointed in the cause. Plaintiff's counsel contend that the receivership contemplated in these sections, is that of a fund deposited in court pending litigation concerning it, and that the statute does not apply to a receivership of an active business, like that now before the court. In the case of *The State ex rel.* v. *Gambs* (68 Mo. 289), the supreme court has put a different construction on the statute. Hough, J., speaking for the court in direct relation to the sections of the statute above quoted, says : ' The phraseology of the foregoing sections is somewhat wanting in perspicuity, but we think ourselves warranted in holding that they were intended to give a statutory authority for the appointment of receivers in all cases not otherwise specially provided for, and to prescribe their duties.'

"It was under the authority of this statute, therefore, that the receiver in the case at bar was appointed, and the

liability for his compensation as between the parties to this suit must necessarily be determined by the same statute. The compensation allowed the receiver was $45,043.50, which amount, under section 3662, must be taxed as costs.''

In this opinion we entirely concur; but we desire to add one or two observations of our own. Our statute relating to costs provides that, `` in all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law.'' Rev. Stats., sect. 990. It is not claimed that a different provision has been made by law applicable to the case before us. The only question, therefore, is, whether the receiver's compensation is costs within the meaning of this statute. If it is, it is not questioned that the plaintiff must pay it. We think there can be no doubt that it is. This seems to have been recognized by the supreme court in *Morse* v. *Railroad Company* (72 Mo. 585). The whole proceeding was taken, from first to last, by the city as the ·moving party against the defendant as the resisting party. There is nothing in the record to show that the defendant consented to the appointment of the receiver, or waived any of its rights in respect to the matter we are considering. It must be taken that the defendant was enjoined from prosecuting its business, dispossessed of its property, and the receiver appointed to take charge of it, at the instance and upon the motion of the city. The decision of the supreme court (70 Mo. 69) put the city wholly in wrong. Upon what principle shall it be said that the defendants must pay the fees of the officer of the court — for such a receiver is — who was thus appointed to dispossess them, and carry on their business? Is it that he managed their property with judgment and integrity, so that large profits accrued to them through his management? Their answer to this is: `` We could have made still larger profits out of our property, if it had not thus been wrong-

fully taken away from us, at the instance of the city.''
Besides, if the whole litigation was wrongful, as the deci-
sion of the supreme court makes it, it is no answer to them
that the receiver made large profits for them.   A man is
not to be dispossessed of his property by another man,
because the other man can make larger profits out of it for
him than he can make out of it for himself.

If I were to sue out an attachment against a man, and the
sheriff should levy on his property and hold it for a time,
and it should finally be adjudged that my claim was wholly
unfounded, and the sheriff should be ordered to release the
property, and I should be adjudged to pay the costs, upon
what principle of right could I say that the fees of the
sheriff, or of the watchman appointed by him, should be paid
by the defendant, and not by myself?   When the case is
thus simplified, and brought down from a great lawsuit
between two corporations, to a small lawsuit between two
citizens, it becomes obvious to every one how it must be
decided.   The very question we have supposed was decided
by the supreme court in *Snead* v. *Wegman* (27 Mo. 176),
and that question is not different in principle from this.

It is suggested by the plaintiff's counsel, that in cases of
this kind, where the appointment of a receiver is beneficial
to the fund impounded, the court has power to charge
the compensation of the receiver against the fund.   This
position is answered by the statute (Rev. Stats., sect. 990)
already quoted.   But if the court had a discretion such as
is suggested, it could not be properly exercised to charge
the defendant with the compensation of the receiver in such
a case as this.   The supreme court of Iowa, in treating of
this very question, said : '' It is insisted by plaintiff's coun-
sel, that the compensation of the receiver should be paid
out of the fund of which he had the custody and charge,
and that he should be permitted to retain the same there-
from.   Numerous cases have been cited to show that such
is the uniform practice.   Upon an examination of these

cases, it will be found that in every case there was no question made as to the legality or propriety of the appointment of the receiver; that in each case the receiver closed up the business and settled his accounts in pursuance of his appointment.  *  *  *  We think it would be an unjust and inequitable rule, if in all cases the receiver should be entitled to his compensation from the fund in his hands, without reference to the legality of his appointment.  Under the operation of such a rule, innocent persons might be made to suffer great loss."  *French* v. *Gifford*, 27 Iowa, 428, 430.

No ground has been pointed out to us which will warrant us in reversing this order.  It is accordingly affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.