CITY OF ST. LOUIS, Respondent, *v.* ST. LOUIS GAS-LIGHT COMPANY, Appellant.

November 29, 1881.

Fees paid by a receiver to his attorney for professional service and advice in regard to the management of the property impounded, are part of the costs of administration, and are not taxable as costs in the litigation, against the losing party.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

GLOVER & SHEPLEY and NOBLE & ORRICK, for the appellant, cited: Edw. on Rec. 110; High on Rec., sect. 806.

LEVERETT BELL, for the respondent, cited: *Morse* v. *Railroad Co.*, 72 Mo. 585.

THOMPSON, J., delivered the opinion of the court.

The question arising on this bill of exceptions belongs to the same subject-matter as the question just disposed of in

the case between the same parties. *Ante*, p. 237. When the circuit court retaxed the costs, as there stated, it omitted from the cost bill, and disallowed as costs, the following items : —

| | |
|---|---:|
| An amount for a transcript in the case of *Atkinson* v. Receiver . . . . . . . . . . . . . . . | $104 00 |
| An amount paid Walbridge for reporting said case . | 30 00 |
| An amount ordered by the court to be paid G. A. Madill, for legal services rendered receiver for three years and eight months . . . . . . . . . . | 11,000 00 |
| An amount paid Perry Bartholow, salary for the month of January, 1880 . . . . . . . . . . . . | 208 33 |

To this ruling the defendant took the present bill of exceptions. The opinion of the circuit court (Adams, J.), in disallowing these items, was given in writing as follows : —

" Defendant claims that the compensation paid by the receiver to George A. Madill for professional services should also be taxed as costs. Defendant's counsel contend, as I understand them, that, as he was employed to do, and did, much of the distinctive work of the receiver, the allowance of compensation to him was in substance a further allowance of salary to the receiver, who virtually paid his own counsel, and that the amount so paid is taxable as costs, as additional receiver's salary. There is no proof before the court as to the character of services rendered by the attorney, and in its absence I cannot presume the facts to be as claimed. The record only shows the payment from time to time during the receivership, of the aggregate amount of $11,000 for professional services, and that the amounts so paid were included in the final amicable accounting between the receiver and the defendant. From these facts I must presume that the payments so made were for services in the interest of the trust, like those of any other employee of the receiver, and were properly paid out of the trust-fund, and cannot now be taxed as costs against the plaintiff."

We agree with this view. In the former case we held

that the amount allowed the receiver by way of compensation for his personal services was taxable as costs, for two reasons : 1. Because the receiver is an officer of the court, and the compensation allowed him for holding and managing property impounded by the court is properly taxable as costs, on the same principle which requires the fees of the sheriff in an attachment suit to be so taxed. 2. Because the statute which, in our opinion, governs in case of such a receivership as the present (Rev. Stats., sect. 3662), requires that the compensation of a receiver shall be taxed and paid as other costs in the case.

But here we are asked to take a step further, and to hold that an allowance which the circuit court, in the exercise of a sound discretion, has made to an attorney of the court employed by the receiver to advise him with reference to his duties, shall also be considered a part of the compensation of the receiver, and taxed as costs. We cannot do this. The propriety of this allowance and the other allowances which the court disallowed as costs is not, and cannot be, questioned in this proceeding. It is true that attorneys' fees are frequently allowed in courts of equity, which exercise a sound discretion as to matters of cost, by the way of costs to trustees, and they are allowed to retain the same out of the trust-fund in their hands. But our courts do not exercise the unlimited discretion as to costs in chancery cases which was exercised by the circuit courts under the old system, and which was recognized and conferred by a former statute of this state regulating chancery practice, under which several decisions were made which are now obsolete. The subject of costs is now more strictly controlled by statute, and, except in certain specified cases, is made to depend upon the result of the suit. Rev. Stats., sect. 990.

We think the impropriety of allowing this charge of counsel fees as costs in the case will appear, if we resort to the same analogy which we resorted to in our opinion in the other case between the same parties. *Ante*, p. 237. If

we go so far as to hold that the amounts allowed to the receiver's counsel for his services, and the other items which are here in question, are properly taxable as costs of the litigation, we establish a principle which would charge the plaintiffs with the salaries and compensation allowed to all the persons whom the receiver, during the long term of his administration, was obliged to employ in carrying on the extensive works which had been placed in his custody by order of the court. We can see no difference in principle between the compensation of the receiver's professional adviser and the compensation of his book-keeper, his cashier, or the engineer employed by him to run the works. The distinction is between the costs of the litigation and costs of the administration. It may be difficult in many cases to draw the line; but we think the circuit judge in this case has drawn it correctly, and we affirm his judgment. Judge BAKEWELL concurs; Judge LEWIS is absent.