HERMAN E. ROBINSON, Plaintiff, v. DUNDEE LAND AND INVEST-
MENT COMPANY et al., Defendants; IN THE MATTER OF
J. S. DOBYNS and G. A. FINKELNBURG, Defendants
in Error; DUNDEE LAND AND INVESTMENT COMPANY,
Plaintiff in Error.

### St. Louis Court of Appeals, May 23, 1899.

**Corporation**: WASTE OF ASSETS: DEMURRER: SOLICITOR'S FEES. In
the case at bar the plaintiff was both a director and stockholder.
As director, he was a trustee for the other stockholders and creditors
of the corporation, and as such was entitled to prosecute the suit for
the preservation of the trust property and to have his trust solicitors
paid out of the trust estate. Held, that the allowance made was
reasonable.

*Appeal from the St. Louis City Circuit Court.*—HON.
HORATIO .D. WOOD, Judge.

AFFIRMED.

M. KINEALY for plaintiff in error.

Neither Mr. Finkelnburg nor Mr. Dobyns is a party to
the record in the suit of Robinson v. Dundee Land and Invest-
ment Company et al., and hence neither of them has any
standing or right to make a motion in that cause for any pur-
pose. Their remedy is by petition, stating all the facts entitl-
ing them to recover. Aveline's Estate, 53 Cal. 259; Case v.
Case, 137 Ind. 526; Wallop v. Scarburgh, 5 Gratt. 1. The
motion stated no reason or grounds why it should be sustained,
and therefore any evidence in support of it should have been
overruled. 1 R. S. 1889, sec. 2085, p. 547; Fox v. Young,
22 Mo. App. 386; 14 Ency. Pl. & Pr. 117, 2d par., and cases
cited; 118 and 1st par. p. 119. No statutory grounds were

shown on the hearing for sequestrating or appropriating the property of plaintiff in error to pay the fees of the attorneys employed to bring a suit against it and the order of court in support of the motion was erroneous. St. Louis v. Mantz, 107 Mo. 611. The efforts of Messrs. Finkelnburg and Dobyns not having brought any funds into the treasury of the Dundee Company, those gentleman have no claim against the latter company or its property for fees. Trustees v. Greenup, 105 U. S. 538.

J. S. DOBYNS and G. A. FINKELNBURG for defendants in error.

As to the general right to an allowance for counsel fees in a case of this kind, we refer to the general course of practice in this jurisdiction, as well as to the following authorities, the principle being that where the trust estate is being dissipated and is brought into court for the benefit of all concerned, though the suit may be in the name of one alone, all who participate in the benefits of the litigation must contribute proportionately to the expenses and attorneys' fees, which may be equitably enforced by making them a charge on the fund, and is by no means confined to cases where counsel recover property not already in the corporation's possession. Strong v. Taylor, 82 Ala. 213; McKelvey's Appeal, 108 Pa. St. 615; Moses v. Bank, 1 Lea (Tenn.) 414; Cowdrey v. Railway, 93 U. S. 352. The rule is found in natural equity—the distribution of the burdens among those to whom the benefits accrue." Strong v. Taylor, 82 Ala. 215; Foster's Fed. Practice, sec. 335. In the case of Olds v. Tucker, 35 Ohio S. R. 581, the court holds that a separate suit by counsel to secure judgment for their fees is a mistaken remedy, and that their compensation "should be worked out by application to the court holding the fund, and in which the services were rendered; that the fund is in the custody of the law and under the exclusive control of the court appointing the receiver." Also,

Seligman v. Saussy, 60 Ga. 20-25; Adams v. Kehlor Milling Co., 38 Fed. Rep. 281; Ins. Co. v. Dellatoue, 70 Fed. Rep. 643-645. Motion by counsel in cause itself is proper. McKelvey's Appeal, 108 Pa. St. 615, 617, 620.

BIGGS, J.—The controverted matter in this record concerns the legality of an order of the circuit court allowing to J. S. Dobyns and G. A. Finkelnburg, who were counsel for plaintiff in the above entitled cause, the sum of $2,000 as solicitor's fees. The amount was ordered to be paid out of a certain fund in the hands of the receiver in the suit and arising from the sale of the assets of the Dundee Land & Investment Company. The plaintiff, Herman E. Robinson was a stockholder in the Investment Company and was a member of the board of directors. Thomas A. Scott and Samuel F. Scott were the other directors, the former being the president of the board. Robinson brought the present action in equity against the corporation, the Scotts and certain of their employees. The purposes of the suit are fairly stated in the briefs of defendants in error, to wit: "This suit was brought by plaintiff July 8, 1895, on behalf of himself and all other stockholders in the defendant corporation. In a general way the petition charged that the property and assets of the Dundee Land & Investment Company were being dissipated by the officers and directors in control of the defendant corporation; that defendant Thomas A. Scott as president, with the assistance of his codefendants, borrowed large sums of money on the security of the lands belonging to the company, and that said sums of money aggregated about $85,000, which said sums it is alleged said Thomas A. Scott converted to his own use; that said transactions were unauthorized and improper and that no account had been rendered of the proceeds; that said Thomas A. Scott, with the assistance of other directors, had also sold and conveyed a part of the lands of said company in an unauthorized and improper manner; that

no account was rendered to the stockholders of the disposition of the money thus obtained and an inspection of the books was refused; that defendant Scott had also made preparations to convey away or encumber all the rest of the property of the defendant corporation, thereby threatening the conversion of all the properties of the company by the defendant officers for purposes unknown to plaintiff and the other stockholders; and the petition charges that the defendant directors, officers and employees in the matters and things aforesaid were abusing their powers, had acted and were acting fraudulently and in disregard of their trust and in violation of the lawful rights of plaintiff and all other stockholders, and were conspiring with others to secure their own private interests by means of the corporate organization and funds of said Dundee Land & Investment Company; that they have wasted and were threatening to still further waste the assets of said corporation.

The prayer of the petition, besides asking for the appointment of a receiver and for an injunction against all further dispositions of property by the defendants, further asks that the remaining assets be converted into money to the best advantage for all parties concerned; and the prayer further is that the court may by its decree order the real estate to be taken possession of by the receiver, and that under the further orders of this court the same may be sold to pay the legitimate and just debts due plaintiff, Oakes M. Palmer, Clara E. Langell and Daniel T. Longfellow, and all other legitimate and just debts of the Dundee Land & Investment Company and that the surplus of the proceeds of the sale of said lands, if any, be distributed among the stockholders according to their respective rights, as upon a full accounting may be ascertained.

In addition to the foregoing general charges, numerous details of malversation in office are charged, and the appointment of a receiver is prayed for. The receiver was appointed, who took charge of all the properties of the defendant corpo-

ration (in value about $125,000), and all further conveyances and mortgages were thereby effectively stopped.    The action taken also stopped the sale of mortgage securities to the extent of $10,000, which had been executed, but not yet disposed of to third persons when the receiver took possession  and  he re- leased the same of record.    Besides,  the Althaus  judgment, under which all the remaining lands of the company were lia- ble to be sold, was enjoined, and the receiver, under the orders of the court, sold certain lands of the company, receiving therefor $34,500 to be distributed amongst the creditors of the company and now holds the balance of the lands to be sold for the benefit of all parties in interest.

The investment company filed a general demurrer to the petition and the other defendants answered.    At the October term, 1895, the circuit court, by agreement of all parties, ap- pointed a receiver to take charge of and sell all of the property of the investment company.    The property was sold and the receiver realized therefrom between thirty and forty thousand dollars.    After the receiver was appointed the investment company withdrew its demurrer and filed an answer, in which it set up as a defense to the action that since the continuance of the case Scott had resigned as president of the corporation, and plaintiff Robinson had been elected in his place, and that as such president Robinson then had full power to prosecute suits against the Scotts or any other persons for the recovery of any money due from them to the corporation. This defense was stricken out.    It seems that at this stage of the litigation the plaintiff and the Scotts arrived at some sort of an agree- ment and the former abandoned the suit without paying his attorneys for their services.    Thereupon Messrs. Dobyns and Finkelnburg filed in the cause the following motion:

"Now comes the attorneys of record for plaintiff in the above entitled cause and move the court for an allowance of counsel fees for the reasonable value of the professional serv- ices hitherto rendered by them in this cause for the benefit of

MOTION.

all parties in interest, and that they may be permitted to withdraw as counsel for plaintiff; such allowance to be paid out of any funds which may come into the hands of the receiver applicable to the payment of expenses."

Upon the hearing of the motion the court allowed the sum of $2,000 and ordered the receiver to pay the amount out of the money in his hands. From that judgment the investment company has prosecuted this writ of error.

An independent suit by the attorneys was not the remedy. The application for the allowance of the fees was properly made by motion in the court where the fund was held. Olds v. Tucker, 35 Ohio St. 581. The motion itself was sufficient. The facts upon which it was based were within the knowledge of the court, hence it was not necessary to specifically set forth the reasons or grounds of the motion. The statute (R. S. 1889, sec. 2085) is not applicable.

The application here is not for costs as between the parties, but for costs between solicitor and client. In chancery proceedings such allowances are by no means unusual where there is a fund in court and the facts are such as to justify the allowance. Generally such costs are allowed only to trustees or other persons acting *en autre droit* who have been called upon to defend or recover the trust property, and not in favor of those who intervene solely in their own interests. Rose v. Rose, 28 N. Y. 184; Downing v. Marshall, 37 N. Y. 380; Savage v. Sherman, 87 N. Y. 277; Attorney-General v. Ins. Co., 91 N. Y. 57; Strong v. Taylor, 82 Ala. 215; Olds v. Tucker, *supra*. The Federal courts have allowed such fees in cases where one of several persons who are interested in the recovery or preservation of a common fund brings an action in his own name for the benefit of all others who may choose to come in and avail themselves of the benefits of the litigation. Trustees v. Greenough, 105 U. S. 527. The action of the circuit court here may be upheld under either line of

Robinson v. Dundee Land & Inv. Co.

authorities. Unquestionably there was a fund in court. The plaintiff was both a director and stockholder.

SOLICITOR'S fees. As director he was a trustee for the other stockholders and creditors of the corporation, and therefore as such was entitled to prosecute the suit for the preservation of the trust property, and to have his solicitors paid out of the trust estate. As a stockholder he was entitled to prosecute the suit for his own benefit and that of the other stockholders, and under the authority of Trustees v. Greenough, *supra,* his solicitors were likewise entitled to their costs.

The object of the present suit was to preserve the remaining assets of the company for the stockholders and creditors. It was charged that the Scotts were mismanaging and misappropriating the property. The objection is now made that there is no judgment to that effect. For the purposes of this motion the facts stated in the petition must be taken as confessed for all parties agreed to the appointment of a receiver and the sale of the property, and subsequently Scott resigned the presidency of the company and plaintiff was substituted in his place, and thereupon all parties agreed not to further prosecute the suit.

The objection is made that the amount of the allowance is unreasonable and excessive. The finding is within the evidence adduced by the defendants in error and the plaintiff in error introduced no evidence on the subject. The evidence shows that the investigation of the many transactions of the corporation, entailed a great deal of labor on the attorneys, and that many difficult legal questions were involved, all of which required much time and the application of accurate legal knowledge. There is nothing in the record tending to show that the amount allowed by the court is unreasonable.

There are other questions presented in the briefs which we do not think necessary to discuss, as the result would be the same. The judgment of the circuit court will be affirmed. All concur.