## DEES, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, September 23, 1907.**

**RAILROADS: Killing Stock: Circumstantial Evidence.** The killing by a railroad company of an animal which got upon the company's track through failure to fence its right of way, may be shown by circumstantial evidence.

Appeal from Wayne Circuit Court.—*Hon. Jos. J. Williams,* Judge.

AFFIRMED.

*L. F. Parker* and *James Orchard* for appellant.

There is no testimony showing any collision between the train and the mare, that the mare had ever been on the track or was struck by defendant's engine and cars and knocked off the track. There was not sufficient testimony to go to the jury. Gilbert v. Railroad, 23 Mo. App. 65; Lindsay v. Railroad, 36 Mo. App. 53; Perkins v. Railroad, 103 Mo. 679; Hesse v. Railroad, 36 Mo. App. 163; Kendrick v. Railroad, 81 Mo. 521; Hobert

v. Railroad, 82 Mo. 90; Henson v. Railroad, 34 Mo. App. 636; Logan v. Railroad, 111 Mo. App. 674; Shaw v. Railroad, 110 Mo. App. 561.

*R. L. Ward* for respondent.

NORTONI, J.—This suit is for double damages under section 1105, Revised Statutes 1899, against the railroad for the killing of plaintiff's mare. The petition is in the usual form, and alleges in substance the defendant was operating its locomotives and trains at a point where its road passes through inclosed lands and where defendant was required to, but failed and neglected to fence its right of way, in consequence of which neglect, plaintiff's mare came upon the track and was killed. The trial was had before a jury in the circuit court and plaintiff recovered. Defendant appeals.

The only error assigned is that the evidence is insufficient to support the verdict and the court erred in refusing to peremptorily direct a finding for defendant. On the part of plaintiff, it appears in proof by the evidence of several witnesses that defendant's railway passes through plaintiff's farm and adjacent to his pasture. At the time in question, it maintained no fence along the sides of its right of way next adjacent to the pasture; that on November 2nd, plaintiff turned his mare into the pasture, as was his custom, some distance from the railroad. The animal was then sound in body and in good order in every respect. Thereafter, that evening, two trains passed over the road. Plaintiff's mare was found the following morning lying dead upon defendant's right of way, about eighteen or twenty feet from the track. She was much swollen and several bruises and abrasions were on her head and body, indicating a collision. One bruise, or abrasion of the skin, rather, was upon the head between the eye and the ear; another was on the hip, and a third, and apparently the most

serious, was a bruised cut on her side near the flank, said to be from four to six inches wide and about twelve inches in length. There was at this point on the body, a protrusion as well, indicating internal injury. Blood was also found to have been running from the nose of the animal where it lay. Besides this evidence tending to support the theory of a collision with some great force, the proof tended to show that the mare had been upon the railroad track before her death. A witness said: "I found two or three tracks that looked like horses hoofs" on the track near the point and just south of where the mare was found dead on the right of way. Weeds and vegetation on the right of way between the track and where the mare was found lying, were knocked off or down, and there was a little blood on the ends of the ties there as well as blood between the rails. While there was no direct proof of a collision, the facts and circumstances certainly tended with great force to prove the mare was upon the track because of defendant's negligence to fence the same and came to her death by a collision, with its passing train, and the court did not err in overruling defendant's request and referring the issue to the jury. It seems to us that no other reasonable inference can be deduced therefrom than that found by the jury; that is, the mare came to her death because of a collision with a passing train, and the evidence in support of the verdict and judgment is not only substantial, but ample indeed. Such matters may be established as well by circumstantial as direct proof and here all the collateral facts tend to establish the principal fact of collision. [Shaw v. Railroad, 110 Mo. App. 561, 86 S. W. 611; Blewitt v. Railroad, 72 Mo. 585.]

True, defendant's engineer and fireman gave evidence to the effect that although they remember the date and passing over the road at the time in question, they neither saw the plaintiff's mare nor had knowledge of colliding with any animal and that such a collision could

not well have occurred without their knowing of it. However this may be, it was a question of fact for the jury to determine on the circumstances and the inferences therefrom, as introduced by the plaintiff, and the evidence last mentioned. It is familiar law that the jury are the sole judges of the credibility of the witnesses and the weight and value that should be given to their testimony.

The judgment was for the right party and should be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.