THE STATE *ex rel.* FICHTENKAMM, *Appellant,* v. GAMBS.

1. **Statutory Appointment of Receiver:** AUTHORITY TO SUE. A receiver appointed under Gen. Stat., chap. 199, secs. 52, 53, (Wag. Stat., p. 1048,) cannot maintain an action, in his own name, against the sureties on the bond of his predecessor.

    **A Receiver** is not a trustee of an express trust.

2. **Receiver:** SURETIES: CONSTRUCTION OF " DEBT." The liability of sureties on an official bond is not a " debt " which, under the 31st section of the attachment law, a receiver is authorized to sue for in his own name.

3. **Per Henry, J.** Wag. Stat., secs. 52, 53, p. 1048, relate only to receivers appointed "to keep and preserve money or other things deposited in court, or that may be the subject of a tender;" not to such as are appointed under the general equity powers of a court of chancery. The latter have no power to sue in their own names.

19—68

The State ex rel. Fichtenkamm v. Gambs.

*Appeal from St. Louis Circuit Court.*—HON. JAS. K. KNIGHT,
Judge.

*Thos. Espy* for appellant.

*Dryden & Dryden* and *Pope & McGinnis* amici curiae.

The first instance in which the office of receiver is
alluded to in the legislation of this State is found in the
practice act of 1849, which abolishes the distinction be-
tween actions at law and suits in equity. By article 10 of
that act it is provided: " Sec. 1. Until the Legislature
shall otherwise provide, the court may appoint receivers
and direct the deposit of money or other thing in court,
and grant the other provisional remedies now existing ac-
cording to the present practice, except as otherwise provided
in this act." Laws of 1849, p. 86. Following that article
in time, and in its suggestions, was the attachment law of
1855, by which it is provided: Sec. 37. " The court, or in
vacation the judge may in a proper case, on the application
of the plaintiff, appoint a receiver."    *    *    " Sec.
38. When notes, bills, books of account, accounts or
other evidences of debts are attached, they    *    *
shall be delivered to the receiver, who shall    *    *
settle and collect the same. For that purpose he may com-
mence and maintain actions on the same *in his own name.*"
*    *    R. S. 1855, pp. 249, 250, §§ 37, 38. The
execution law of 1855 provided; " Section 18. All ac-
count books, accounts, notes, bills, bonds, certificates of
deposit, and other evidences of debt, belonging to a person
against whom an execution shall be issued, shall be liable
to be seized, and when seized shall be placed in the hands
of a suitable person, to be appointed by the court or judge
thereof in vacation, as a receiver, who shall take the same
oath, execute like bond, have and perform the same pow-
ers and duties, and be subject, he and his securities, to the
same provisions and penalties in all respects as in the case

of a receiver and his securities appointed in virtue of the act providing for suits by attachment." R. S. 1855, p. 741. The act of 1855, regulating practice in civil cases, R. S. 1855, p. 1271, provided: "Sec. 53. The court shall have power to appoint a receiver, whenever such appointment shall be deemed necessary, whose duty it shall be to keep and preserve any money or other thing deposited in court, or that may be the subject of a tender, subject to the order of court. · Sec. 54. Such receiver shall give bond and have the same powers and be subject to all the provisions, as far as they may be applicable, enjoined upon a receiver appointed in virtue of the law providing for suits by attachment." These several provisions in the laws of 1855 are carried bodily, in the very same phraseology, into the revision of 1865, and are to-day in full force and parts of the law of the land. 1 Wag. Stat., 187, §§ 30, 31; Id., 606, § 20; 2 Wag. Stat., 1048, §§ 52, 53. See also 41, § art. 2, insurance law, Wag. Stat., 754.

The section of the practice act conferring the power to sue, Wag. Stat., § 53, p. 1048, it must be confessed, is awkwardly constructed, and expressed in ill-chosen words, but its intent is nevertheless apparent. It was a clumsy attempt to express the same meaning that was so well expressed by the 20th section of the execution law. 1 Wag. Stat., 606. The manifest object of the framer of the section was, in the interest of brevity, to adopt the law regulating suits by attachment, so far as that law had application to the subject, as the rule by which the powers, duties and responsibilities of the receiver should be determined.

The tendency of legislation and of the courts has been of late in favor of the power of the receiver to sue. *Manlove v. Burger*, 38 Ind. 211. Several courts of authority have held that the receiver may and ought to sue in his own name. *Wray v. Jamison*, 10 Hump. 186; *Helm v. Littlejohn*, 12 La. An. 298; *Baker v. Cooper*, 57 Me. 388; *Lathrop v. Knapp*, 57 Wis. 232.

*Kehr & Tittman* and *Philip Donahue* for respondent.

The proposition that the receiver cannot sue in his own name is sustained by the following cases: *Yeager v. Wallace*, 44 Pa. St. 294; *Justine v. Kerlin*, 17 Ind. 588; *Manlove v. Burger*, 38 Ind. 211; *King v. Cutts*, 24 Wis. 627; *Freeman v. Winchester*, 18 Miss. 577; *Battle v. Davis*, 66 N. C. 252; *Taylor v. Allen*, 2 Atk. 213; *Pitt v. Snowdin*, 3 Atk. 750.

The cases to the contrary will, upon examination, prove to be founded upon statutes, or, as in Louisiana, upon the civil law. See also *Marcedon v. State*, 24 Ind. 370; *Owens v. State*, 25 Ind. 107; *Chipman v. Sabbaton*, 7 Paige Ch. 47; *Ingersoll v. Cooper*, 5 Black. 427; *LaFallet[t] v. Aikin*, 36 Ind. 1.

HOUGH, J.—In a proceeding in the circuit court of St. Louis by one of the firm of Hoffelman & Franke, for a dissolution of the co-partnership, Charles A. Snell was appointed receiver of the assets of the firm, and on the 24th day of June, 1868, as such receiver, executed a bond for $20,000 to the State of Missouri, with Charles W. Horn and John Bruch as sureties. On the 2nd day of July, 1870, the relator was appointed receiver to succeed Snell, and under the direction of the court instituted the present action in his own name against the sureties on the bond of his predecessor. The defendants filed a demurrer to the petition, which was sustained, and final judgment entered thereon, from which the plaintiff has appealed.

Our statutes provide that every action shall be presented in the name of the real party in interest, except

1. STATUTORY AP-
POINTMENT OF RE-
CEIVER: authority
to sue.

that an executor, administrator, trustee of an express trust, or a person expressly authorized by statute, may sue in his own name, without joining with him the person for whose benefit the suit is prosecuted. Gen. Stat. 1865, p. 651, §§ 2, 3. A trustee of an express trust is defined to be a person with whom, or

in whose name, a contract is made for the benefit of another. Section 3, *supra*. The plaintiff is neither executor, administrator nor trustee of an express trust. Is he expressly authorized by statute to sue in his own name? Sections 52 and 53, chap. 169, Gen. Stat., relating to practice in civil cases, are as follows: "Sec. 52. The court shall have power to appoint a receiver whenever such appointment shall be deemed necessary, whose duty it shall be to keep and preserve any money or other thing deposited in court, or that may be the subject of a tender, subject to the order of court." "Sec. 53. Such receiver shall give bond, and have the same powers, and be subject to all the provisions, as far as they may be applicable, enjoined upon a receiver appointed in virtue of the law providing for suits by attachment." The phraseology of the foregoing sections is somewhat wanting in perspicuity, but we think ourselves warranted in holding that they were intended to give a statutory authority for the appointment of receivers in all cases not otherwise specially provided for, and to prescribe their duties. Viewed in this light, the duty named in the 52nd section of keeping and preserving any money or other thing tendered or deposited in court, is in enlargement of the ordinary functions of receivers, and not expressive of their whole duty. If the receivers authorized by the 52nd section were intended to be restricted to the duties of simple bailees of money or property tendered or deposited, it was entirely superfluous to confer upon them the powers and duties of receivers in attachment, inasmuch as their special property as bailees would authorize them to maintain actions in their own names to recover such property when unlawfully taken from their possession, or damages for the conversion thereof, or for injury thereto. In order to determine, therefore, what other statutory powers have been conferred upon receivers, reference must be had to the law regulating the appointment of receivers in suits by attachment. The sections of that act material to the present inquiry, are as

follows: " Sec. 30. The court, or in vacation, the judge may in a proper case, upon the application of the plaintiff, appoint a receiver, who shall take an oath faithfully to discharge his duty, and shall enter into bond to the State of Missouri, in such sum as the court or judge may direct, and with security approved by the court or judge, for the faithful performance of his duty as receiver, and that he will pay over all money, and account for all property which may come into his hands by virtue of his appointment, at such time and in such manner as the court may direct; this bond may be sued on in the name of the State, at the instance of and to the use of any party injured." "Sec. 31. When notes, bills, books of account, accounts, or other evidences of debt, are attached, they shall not be subject to be retained upon the execution of a delivery bond, as hereinbefore provided, but shall be delivered to the receiver, who shall proceed with diligence to settle and collect the same. For that purpose he may commence and maintain actions on the same, in his own name, but in such actions no right of defense shall be impaired." Sec. 32. The receiver shall, forthwith, give notice of his appointment to the persons indebted to the defendant. The notice shall be written or printed, and shall be served on each debtor by copy delivered to him, or left at his place of residence or business; or if he reside in another county by copy deposited in the post office and addressed to him at his place of residence; and from the date of such service and knowledge thereof, every such debtor shall stand liable, and shall account to the receiver for the amount of moneys and credits of the defendant in his hands, or due from him to the defendant."

These sections make the debtors of the defendant in the attachment liable to the receiver after notice of. his appointment, and authorize the receiver to sue such debtors in his own name. The statute specifies notes, bills, books of account, accounts or other evidences of debt, as the obligations on which the receiver

2. RECEIVER : sureties : construction of "debt"

may maintain actions in his own name. As the plaintiff here can have no other or greater authority to sue in his own name than the receiver in attachment proceedings, the question arises whether the sureties on an official bond, after forfeiture, are the debtors of an injured beneficiary, and whether their liability on such bond falls within the class of obligations which the receiver may enforce in his own name. This identical question was considered and decided by this court in the case of *Eddy v. Heath's Garnishees*, 31 Mo. 141. In that case one Twitchell, who was United States marshal, collected money under an execution in favor of one Heath, which he failed to pay to him, and afterwards died indebted to him therefor. In an attachment suit against Heath the sureties on the official bond of Twitchell were garnished as the debtors of Heath. Judge Scott, who delivered the opinion of the court, said: "Admitting that Twitchell himself was a debtor to Heath in respect of his having collected money for him on an execution, which he failed to pay over and might have been sued for in an action of assumpsit without resorting to a suit upon his bond, yet his securities were liable to no such action, and could only be sued upon the bond for the official misconduct of their principal. If the securities are debtors to him who is injured by the misconduct of the marshal, their indebtedness must arise by reason of the bond. Then, if they are debtors for one illegal act of their principal, they must be for all such acts. If a marshal fails to execute any process coming to his hands, are his securities debtors for the damages which may be recovered for such a breach of duty by their principal? If the marshal is guilty of a trespass in taking the goods of one on an execution against another, are his securities debtors to the injured person for the wrong committed? We do not maintain that the sureties are not liable to an action on the bond, and will not be compelled to satisfy any judgment that may be obtained against them; but we do maintain that an illegal act of the marshal, causing an injury to an-

other, does not render his sureties debtors to the injured person in the sense in which that word is ordinarily used in the law, nor in that sense in which it is employed in the statutes concerning attachments." It is manifest from the foregoing extract that a receiver in attachment cannot maintain an action in his own name, or any action against the sureties on an official bond for the reason that such liability is not a debt, and is not subject to attachment. As the relator, in his capacity of receiver, has no greater authority to sue in his own name than a receiver in attachment, it is quite clear the present action cannot be maintained against the sureties on the bond of Snell.

The judgment of the circuit court will, therefore, be affirmed. All concur except Judge HENRY, who concurs in the result.

AFFIRMED.

HENRY, J.—The office of receiver had its origin in equity practice, and to that practice we must look to ascertain the rights and duties of receivers when not prescribed by statute. The order appointing a receiver does not affect the title of the property. He is but an officer of the court and subject to its orders. He holds the property merely as a custodian, and cannot sue to recover any of it in possession of a third person who claims to be the owner, or on any chose in action without an order of the court authorizing such suit, and then only in the name of the legal owners—in this case the firm of whose assets he was appointed receiver. These propositions are fully sustained by Daniel's Ch. Practice, vol. 2, 1748; *Yeager v. Wallace*, 44 Penn. 294; *Battle v. Davis*, 46 N. C. 255; *King v. Cutts*, 24 Wis. 625. A suit by the receiver to recover property of which he had obtained possession, but which has been taken from him, rests upon a different ground. In such a case his former possession created a special property which will support the action.

Appellant relies upon Wag. Stat., secs. 52, 53, p. 1048.

Sec. 52 provides for the appointment of a receiver whenever deemed necessary by the court, to keep and preserve any money or other thing deposited in court, or that may be the subject of a tender. Sec. 53 requires such receiver to give bond, and confers upon him the same powers as are given to a receiver appointed under the attachment law. These sections have no relation to the rights or duties of receivers appointed under the general power of the court to appoint receivers in what, before the adoption of the code were chancery cases, but apply by express terms only to one appointed " to keep and preserve money or other thing deposited in court, or that may be the subject of a tender." That such an officer had no right to sue in his own name, as a trustee of an express trust, seems to have been the impression of the law-makers, otherwise the right to do so would not have been expressly conferred by that statute. A receiver is not a trustee of an express trust, and it did not require the 2nd section of the 1st article of our practice act to enable a trustee of an express trust to sue in his own name. That section is, in substance, but a proviso to the preceding section, which requires all actions to be brought in the name of the real parties in interest, and but for the 2nd section, executors, administrators and trustees of express trusts, who could always, at common law, sue in their own names, whould have been deprived of that right. The receiver was appointed in a suit which, before the adoption of the code, was a chancery cause, and his rights, duties and powers are to be determined by the rules which prevail in the pactice in chancery. I see no good reason why the law should not be otherwise, but it was the common law as we adopted it, and it is for the Legislature, and not for this court, to confer other powers upon receivers than those with which they were clothed by the common law.

I concur in affirming the judgment, but do not agree with the majority of the court that the receiver has a right to sue in his own name at all for debts due the partnership,

or to sue in the name of the firm without an order of the court appointing him, expressly authorizing him to do so.