CHARLES SCHWORER, Respondent, v. ELIAS P. CHRISTOPHEL *et al.*, Appellants.

St. Louis Court of Appeals, November 9, 1897.

1. **Unlawful Entry and Detainer:** JUSTICE'S COURT: APPEAL: AMENDMENT OF COMPLAINT. On appeal from a justice's court to the circuit court, in an action of unlawful entry and detainer, the allowance of an amendment to the complaint not involving a change in the cause of action originally stated, but merely defining by calls or measurements the preceding general statement, which, before the amendment, was open to proper objection for uncertainty and indefiniteness in the description of the premises sued for, was warranted by section 5159, Revised Statutes 1889.

2. ———: DEMAND FOR POSSESSION OF PREMISES: CONSTRUCTION. In such action, a written demand for the possession of the premises, giving a description by measurements embracing not only the land described in the amendment, but also the entire tract to which it belonged, and reciting that a portion of the premises had been fenced by defendants, without saying that such portion only was demanded, would not warrant the construction that plaintiff only claimed that portion of the premises which the demand recited had been fenced by defendants.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*Frost & Foy* for appellants.

The court erred in permitting the amendment of the original petition. In actions of unlawful entry and detainer, no amendment of the original petition essentially changing the description of the property will be permitted in the circuit court on appeal from a justice. *Scovill v. Glassner*, 79 Mo. 449; *Schworer v. Christophel*, 64 Mo. App. 81; *Dowdly v. Wamble*, 110 Mo. 280; *Gist v. Loring*, 60 *Id.* 487; *Madkins v. Trice*, 65 *Id.* 656; *Haggard v. R. R.*, 63 *Id.* 302; *Hansberger v. R. R.*, 43 *Id.* 196; *Dean v. Trax*, 67 Mo. App. 517; *Roberts v. Lynch*, 15 *Id.* 456; *Johnson v. Fischer*, 56 *Id.* 552; *Finley v. Magill*, 57 *Id.* 481; *Beach v. Heck*, 54 *Id.* 602; *Orme v. King*, 60 Ga. 523; *Van Dyke v. Besser*, 35 *Id.* 173; 9 Pac. Coast Law Jour. 356; *Murphy v. Lucas*, 2 Ohio St. 395; *Thiemann v. Meier*, 25 Mo. App. 307; *Wehringer v. Ahlmeyer*, 23 *Id.* 277; *Lewis v. Steele*, 1 Minn. 88; *Burns v. Nash*, 23 Ill. App. 552; *Tahum v. Crone*, 30 S. W. Rep. 885.

The court erred in permitting the introduction in evidence of the notice of demand over the objection of defendants. The descriptions of the property sued for must be identical in the petition on which the

cause is tried and in the notice of demand for posses-
sion. *Roberts v. Lynch, Finley v. Magill,* and *Beach v.
Heck, supra.*

*Rombauer & Rombauer* for respondents.

The amendment was properly allowed. R. S. 1889,
sec. 5159; *Roberts v. Lynch,* 15 Mo. App. 456; *Rohr-
baugh v. Reed,* 57 Mo. 292; *Turner v. Northcutt,* 9 *Id.*
251, 253; *Hackney v. Williams,* 3 *Id.* 320; *Kraft's
Admr's v. Hurtz,* 11 *Id.* 75; *Gist v. Loring,* 60 *Id.* 487;
*Webb v. Robertson,* 74 *Id.* 380; *Allen v. McMonagle,* 77
*Id.* 478; *Dean v. Trax,* 67 Mo. App. 517, and citations.

BOND, J.—This action is for unlawful entry and
detainer. Plaintiff had judgment before the justice,
from which defendant appealed to the circuit court,
where plaintiff had judgment by default, which being
vacated he appealed to this court, where his appeal was
dismissed and the cause remanded for trial, whereat
plaintiff had judgment, from which this appeal is pros-
ecuted by defendants.

It is insisted that the circuit court erred in per-
mitting plaintiff to amend his complaint, containing a
description of a lot twenty-five feet by one hundred
and thirty-two feet, six inches, so as to add to a gen-
eral statement of unlawful disseizin "of the northern
part of the aforesaid described prem-
ises" the following specification, to wit:
"The northern 117 feet of said lot, being
25 feet in width and extending southwardly
from the southern line of New Man-
chester Avenue to the northern line of the house erected
on the rear of the premises and enclosed said part with
a fence." The argument of appellants is that this amend-
ment was not allowable under the code of procedure gov-

*Marginal note:* UNLAWFUL entry and detainer: justice's court: appeal: amendment of complaint.

erning actions like the present. That the statutory provisions regulating suits of this nature are special and independent, was ruled on the former appeal in this case, and is the well settled law of this state. *Schworer v. Christophel*, 64 Mo. App. 81. To determine therefore whether the amendment in question was proper, reference must be had to the statutory rules for the conduct of actions of forcible entry and detainer. When such actions have reached the circuit court, the scope of its authority in dealing with them is expressed in section 5159 of the Revised Statues of 1889, which is to wit: "When a cause shall be removed into the circuit court by *certiorari* or appeal, such court shall proceed to hear, try and determine the same anew, as if it had originated in such court, without regarding any error, defect or informality in the proceedings of the justice." It can not be doubted that the above statute warrants amendments of complaint, in the interest of certainty and definiteness, or in any other respect not involving a change in the cause of action originally stated. The amendment in the case at bar did not go to the latter extent; it merely defined by calls or measurements a preceding general statement. Before the amendment the complaint was open to proper objection for uncertainty and indefiniteness in the description of the premises sued for. It did not, however, fail in the statement of a cause of action. Defendants interposed no objection except to the introduction of testimony. The court thereupon permitted by interlineation the amendment in question so as to specify and describe exactly what was intended by the general allegation as to the premises sought to be recovered. There was no error in the ruling on this point. Neither can we sustain the second assignment of error in this court, to the effect that the demand did not em-

brace all the land claimed in the amended

DEMAND for possession of premises: construction. petition.    The language of the demand so far as necessary to be set out is as follows, omitting the caption: "You are hereby notified that I demand possession of the following described premises in the city of St. Louis, Missouri, to the possession of which I am legally entitled, and a portion of which property you wrongfully fenced in and took possession of on Sunday, the 18th day of March, 1894, to wit." Then follows a description by measurements embracing not only the land described in the specific amendment to the complaint, but also the entire tract to which it belonged. The learned counsel for appellants with much ingenuity argues in support of his contention that the terms of the written demand are susceptible of the construction that plaintiff only claimed the portion of the premises which the demand recites defendants had fenced. If that construction is admissible, it certainly is not conclusive. The notice begins with a demand, in the broadest terms, of the entirety of the premises thereinafter described. It recites that a portion of these premises have been fenced by defendants, but it does not say that such part only is demanded. The breadth of the general demand is nowhere qualified in the language employed in the notice thereof to defendants. Hence it is not necessarily inferable from its terms that plaintiff only claimed the part of the lot which he alleged defendants had fenced. The fairer interpretation arrived at by giving the words used their full meaning is, that plaintiff required possession of the whole premises, merely reciting in his notice that defendants had fenced a portion.

As there is no complaint on this appeal as to the instructions submitting the issues to the jury (except the refusal of the court to direct a nonsuit) we must assume that the proper construction of the writing was

arrived at under correct instructions. There is nothing showing that the verdict in this case was rendered through the intervention of legal error on the trial, the judgment in accordance therewith in plaintiff's favor will be affirmed. All concur.