SAFETY SAVINGS AND LOAN ASSOCIATION ET AL., RESPONDENT, v. ANNE J. WILLIAMS, APPELLANT.—71 S. W. (2d) 848.

Kansas City Court of Appeals. May 21, 1934.

*Meredith & Harwood* for respondent.

*Louis D. Tolle* for appellant.

BLAND, J.—This is an action in unlawful detainer. There was a verdict in favor of plaintiffs, finding defendant guilty; that the complainant had sustained damages in the amount of $180 and that the value of the monthly rents and profits of the real estate was $30. Upon this verdict the court rendered a judgment in the manner required by law and defendant has appealed.

The facts show that on August 5, 1927, Edward and Anne J. Williams, husband and wife, were the owners of a certain tract of land in Kansas City, holding the title thereto as tenants by the entirety; that they borrowed from the plaintiff, the Safety Savings and Loan Association (hereinafter called the association) the sum of $7750, and executed a deed of trust to it on said property to secure the loan; that said deed of trust contained a provision that the mortgagors should pay rent to the mortgagees at the rate of one per cent per month and should surrender peaceable possession of the premises, should they be sold under the deed of trust, to the purchaser thereof at the foreclosure sale, without notice or demand thereof.

The facts further show that, default having been made in the deed of trust, there was a foreclosure sale on March 11, 1932, and the

association bought in the property thereat; that thereafter, Edward Williams, alone, filed an application in the circuit court to redeem. This was denied and he took an appeal to this court, which he afterwards abandoned. However, on May 4, 1932, in that case, on the application of the association, the plaintiff, C. M. Grimes, its assistant secretary, was appointed receiver of the property. Williams then filed a motion to vacate the order appointing the receiver. His motion being overruled, he appealed to this court. [See Williams v. Safety Savings & Loan Association, 58 S. W. (2d) 787.] In that case this court held that the appointment of the receiver was proper and that the estate by the entirety was terminated by the foreclosure of the deed of trust.

On June 8, 1932, the association instituted a suit in unlawful detainer in the justice court against the defendant, Anne J. Williams. This suit was brought by C. M. Grimes in the name of the association but whether as the receiver or as assistant secretary of the association, the record fails to disclose. The notice mentioned in Section 2447, Revised Statutes 1929, was served by Grimes but in what capacity the record is silent. However, as no notice was needed, in view of the terms of the deed of trust (Swaby v. Boyers, 221 S. W. 413), the matter is immaterial. The case reached the circuit court on appeal, whereupon the association moved the court to permit C. M. Grimes, receiver, to be made a party plaintiff. This motion was sustained. An amended complaint was filed, in which Grimes joined as a party plaintiff. Thereafter complainants filed a second amended complaint making Edward Williams, husband of the defendant, a party defendant. The first and second amended complaints allege:
"That since April 30, 1932, said Safety Savings & Loan Association has been and still is entitled to the possession of said premises as against the said Anne J. Williams, and the said Safety Savings & Loan Association and/or the said C. M. Grimes, receiver aforesaid, have been entitled to possession of said premises as to the said Edward Williams."

Thereafter, plaintiffs dismissed as to the defendant, Edward Williams, whereupon, defendant, Anne J. Williams, filed a demurrer setting up that there was a misjoinder of parties plaintiff and of causes of action and that Grimes was without legal capacity to sue; that Grimes was not made a party in the justice court and that the complaint failed to state a cause of action. This demurrer was overruled and an answer was filed, which, among other things, pleaded the same matters as were set up in the demurrer.

It is insisted by the defendant that, as the justice court has exclusive original jurisdiction in unlawful detainer actions, the jurisdiction of the circuit court is derivative and the same cause of action must be tried in the circuit court as in the justice court; that if the justice court has no jurisdiction the circuit court has none on appeal

(Purcell v. Merrick, 172 Mo. App. 412); that the making of C. M. Grimes a party to the cause in the circuit court is a change in the cause of action and a departure from the cause as it existed in the justice court. This raises the question as to who was the proper party to bring this unlawful detainer action, under the circumstances.

It will be noted that there had been a receiver appointed for this property prior to the institution of the unlawful detainer action in the circuit court. As before stated, the receiver was appointed in the matter of the application of Edward Williams to redeem the property.

The relative part of the statute on the subject reads as follows:

"The court, or judge thereof, at discretion may at such hearing or consideration of such bond or at any time during the redemption period of one year appoint a receiver to take charge and possession of and preserve the property so sold and to have the rents and profits thereof subject to the orders of the court, and the net result therefrom shall belong to the owner of the equity of redemption if redemption be made otherwise to the purchaser at such sale." [Sec. 3064, 3 Mo. Stat. Ann., p. 1895.]

There is no question but that Grimes had no right to prosecute this suit in his own name, as receiver, for he did not have the legal title to the property and it is quite apparent that he has never obtained possession of the property as against either Edward or Anne J. Williams. [State ex rel. v. Games, 68 Mo. 289; State ex rel. v. Bonding & Surety Co., 279 Mo. 535; 23 R. C. L., p. 120; 53 C. J., p. 321.] Therefore, Grimes not having obtained, at any time, possession of the property from Anne J. Williams prior to the institution of the unlawful detainer action against her, could not have brougth the suit in his own name, as receiver, in the justice court, but the suit should have been brought by Grimes, as receiver, in the name of the person having the legal title, that is to say, the association. [53 C. J., p. 321; State ex rel. v. Bonding & Surety Co., supra; King, Receiver, v. Cutts, 24 Wis. 627; High on Receivers (4 Ed.), pp. 250, 251; Wilkinson v. Rutherford, 49 N. J. L. 241, 243.]

It follows that Grimes was not properly made a party plaintiff in the circuit court. However, this does not mean that the judgment must be reversed for this reason. It is quite apparent that there is nothing involved except a matter of mistake as to the proper party to maintain the action. In the later cases it has been uniformily held that the substitution of a party having the legal right to sue, in the place of the one improperly named as plaintiff, is permissible and does not change the cause of action. [Craig v. Met. Life Ins. Co., 296 S. W. 209, 211; Cooper v. Armour & Co., 15 S. W. (2d) 946, 949; Glover v. Milling Co., 136 Mo. App. 365.] Had the complaint been amended in the circuit court so as to have the case pro-

ceed by the receiver in the name of the association, there would have been no change in the cause of action from that as it stood in the justice court. Section 2516, Revised Statutes 1929, provides as follows:

"When a cause shall be removed into the circuit court, by certiorari or appeal, such court shall proceed to hear, try and determine the same anew, as if it had originated in such court, without regarding any error, defect or informality in the proceedings of the justice."

By reason of the provisions of this section it has been held that on appeal the complaint may be amended in any respect not involving the changing of the cause of action as originally stated. [Allen v. Jackson, 216 S. W. 539; Dean v. Trax, 67 Mo. App. 517; Schworer v. Christophel, 72 Mo. App. 116.]

We have examined the case of Johnson v. Chapman, 296 S. W. 836, and Robinson v. Rinehart, 297 S. W. 439, cited by defendant, and find them not in point. In the case at bar there was but one person who had the right to maintain the action. There was no changing from a several to a joint or a joint to a several cause of action when the case reached the circuit court. There was merely an attempt being made to bring in the proper party plaintiff. The amendment made to make Grimes a party plaintiff in the circuit court may be regarded as surplusage and, in view of the fact that it appears that there can be no defense to the action on the merits, the complaint may be now regarded as amended so as to leave only the association the sole party plaintiff, the action being prosecuted by the receiver in its name. [Campbell v. Barr P. & E. Co., 182 Mass. 304; Secs. 821, 1062, 1099, 1100, 2516, 6286, R. S. 1929; Bensieck v. Cook, 110 Mo. 173, 183; Bouton v. Pippin, 192 Mo. 469.]

It is insisted that there is nothing in the record to show that there was a court order directing the receiver to prosecute this action.

It is true that under the general rule, in the absence of statutory authority, the receiver has no right to institute actions without the direction of the court appointing him (53 C. J., p. 316), but the statute, Section 3064, Revised Statutes 1929, itself, is sufficient, we think to authorize the institution of this suit (see Bein v. Bixby, 41 N. Y. Supp. 433, 438; Jefferies v. Brown, 135 Pac. 582), especially in view of the fact that unlawful detainer was the only appropriate action that could have been brought to obtain possession of the property from Mrs. Williams. [Ex parte Devoy, 208 Mo. App. 550, 559; State ex rel. v. Ossing, 16 S. W. (2d) 77.]

It is insisted that the complaint is insufficient. But on its examination we find that it contains, in substance, every element required by the statute. It is, therefore, sufficient. [Utt v. Winfrey, 235 S. W. 185, 186.] We have examined the cases cited by defendant on this question and find them not in point.

In view of what we have said the following allegation in the amend-

ed complaint may be considered as surplusàge, as Edward Williams was dismissed as party defendant before the cause went to trial: ". . . the said Safety Saving & Loan Association and/or the said C. M. Grimes, receiver aforesaid, have been entitled to possession of said premises as to the said Edward Williams."

Complaint is made of the giving of plaintiff's instruction, submitting the merits of the case. The court would have been justified in peremptorily instructing the jury to find against the defendant; as the facts were substantially admitted and there appears to be no defense to the action on the merits. While the present defendant was not a party to the case of Williams v. S. S. & L. A., supra, and for that reason our holding therein is not binding on her, we now declare the law to be in this case, as we held in that one, to-wit, that the foreclosure put an end to the estate by the entirety. There are other points raised by the defendant under the heading "Points and Authorities" but as they are nowhere developed in the brief, they will be considered as having been abandoned.

The judgment is affirmed. All concur.