William E. BALL, Respondent,

v.

Elmo Doyle KEMP, Orla Carwin Kemp
and Lafern Kemp, Appellants.

No. 52004.

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1967.

Motion for Rehearing or to Transfer to Court
En Banc Denied Oct. 9, 1967.

Robert B. Baker, Ellington, for appellants.

John J. Cole, Fred Leicht, Jr., Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Roy W. McGhee, Jr., Piedmont, for respondent.

BARRETT, Commissioner.

This is an unlawful detainer action by William E. Ball, the assignee-purchaser of a "sale and lease agreement" in which the appellant Kemps (Orla Kemp was in fact the operator and principal in the business) were the lessee-purchasers of a bowling alley in Piedmont. The plaintiff sought to recover delinquent rent of $11,215.84 which doubled under the statute (RSMo 1959, § 534.330, V.A.M.S.; Bierkenkamp v. Bierkenkamp, 88 Mo.App. 445) would confer appellate jurisdiction on this court. Const. Mo.Art. 5, Sec. 3, V.A.M.S.; RSMo 1959, § 477.040, V.A.M.S. A jury returned a verdict finding the defendants guilty of unlawful detainer but found the value of the rents and profits to be $1.00 and the plaintiff's damages to be $1.00. Accordingly judgment was entered for restitution and $2.00 damages and $2.00 rent. Both parties filed timely motions for a new trial. The defendants' motion on all issues except damages was overruled. The plaintiff's motion for a new trial as to all issues except damages was also overruled and "as to the monthly value of the rents and profits and the amount of damages only is granted, for the reason that the verdict on said issues was contrary to the overwhelming weight of the evidence submitted on said issues." The ensuing judgment entered upon these orders was designated as final and the defendants have appealed.

The respondent has filed a motion to affirm the judgment or to dismiss the appeal for the stated reason that appellants' brief, points and argument do not meet the requirements of Civil Rule 83.05, V.A.M.R., particularly in that they "fail to inform Respondent's counsel precisely what Appellants' contentions really are, and what Respondent is required to answer." In some respects the assignments of error are abstract and vague but the thorough brief the respondent has filed disproves the claim of un-understandability, the court has encountered no insuperable difficulties and the motion taken with the submission of the case is overruled.

The appellants, recognizing the effect of the court's action in granting a new trial as to damages and rents on the stated ground that the verdict in this regard was "against the weight of the evidence" (RSMo 1959, § 510.330, V.A.M.S.; Sapp v. Key, Mo., 287 S.W.2d 775), make only the claim that neither the magistrate court, in which of necessity the cause was instituted (RSMo 1959, § 534.060, V.A.M.S.) nor the circuit court on appeal (RSMo 1959, § 534.390, V.A.M.S.) had jurisdiction of the cause. It is asserted that there was a lack of jurisdiction for the reasons (1) that the complaint in magistrate court did not state a cause of action and the circuit court's jurisdiction being derivative acquired none, (2) the circuit court erroneously permitted an amendment, a departure, to plaintiff's petition, (3) the amended complaint in failing to allege termination of the lease did not state a cause of action and, in any event, (4) the evidence was "insufficient to support any judgment for the plaintiff."

The controversy arose in this background: In July 1962 the Kemps transferred two parcels of land in Piedmont, one an acre or more, to Ladue Supply, Inc., Mr. Ball's predecessor in the lease and sale, for the nominal sum of $200.00. Ladue

Supply as lessor-vendor constructed a bowling alley on one of the lots at a cost of $72,599.00. In this agreement, called a "lease and sale," the Kemps became the lessees and during a term of 20 years beginning on September 15, 1962, agreed to pay a yearly rental of $8400.00 in monthly installments of $700.00. The agreement is quite detailed and need not be set forth in full but repairs and alterations were to be made by the lessees who were to carry $70,000.00 insurance. In the event of failure to pay any installment of rent the lessors had "the option to terminate this lease by giving Thirty (30) days' written notice of such termination to Lessees" and upon termination lessees agreed to deliver immediate possession of the premises to lessor. There was a provision that forfeiture did not relieve of the obligation to pay rent until the lessor sold the property or otherwise disposed of it. The lease provided that acceptance of past due rent would not constitute a waiver of forfeiture. At the end of five years the lessees had an option to purchase for $70,200.00.

On January 1, 1964, a fire damaged the building and each of the parties collected about $14,000.00 for their respective losses. Ball applied $4000.00 to replacing the roof and retained $10,000 which he says belongs to whoever becomes the purchaser of the property. In any event, the Kemps as lessees paid the first installments of rent but for 1964 the rent was in arrears $5,081.93 and in 1965 $6,133.91, a total arrearage of $11,215.84. On June 25, 1965, the sheriff of Wayne County served Orla Kemp with a notice to vacate for failure to pay rent. The Kemps nevertheless remained in possession but as Orla said, especially after he also got into the automobile business, "with problems" and, admittedly, "under present conditions" could not pay the specified rent. Even taxes and insurance had been paid by Ball and the Kemps were in default to the mortgagor of the bowling lanes and pin-setting machinery. It should be said that Kemp attributed a large part of his troubles to Ball's failure to properly repair the

building after the fire—leaving a leaky roof and foundation that injured three or four of the bowling lanes.

While these facts are necessary as background, in view of the circuit court's granting a new trial as to damages and rents on the ground that the jury's verdict as to these issues was against the weight of the evidence, they are no longer issues insofar as this appeal is concerned. In all this background the question is whether for the reasons now asserted the magistrate court in the first instance and the circuit court on appeal and trial "anew" (RSMo 1959, § 534.550, V.A.M.S.) had jurisdiction to try the cause and finally enter the judgment it did.

The appellants' claim of lack of jurisdiction has to do with their assertion that the original "complaint" (forcible entry and unlawful detainer, a code unto itself, employs the common-law language of medieval England) fails to state a cause of action and therefore the magistrate court had no jurisdiction initially and, since its jurisdiction is derivative, the circuit court likewise had no jurisdiction and could acquire none. Because of the failure of the complaint to state a case in unlawful detainer in the court of original jurisdiction, it is said that it could not be amended to state a cause of action in the circuit court. The deficiency asserted is that plaintiff "failed to allege when, where and how the lease on this property was terminated," hence no way to determine "the time when the defendants are holding over after the termination of the lease." And in this connection it is said that there is no allegation that plaintiff "owned the land on which the building was located." Even after amendment it is said that there is "no allegation of the termination of the lease at any particular time or allegation of facts showing a termination of lease at any particular time."

It is not necessary to explore these assignments of error in detail, they have all been specifically urged and considered here-

tofore and decided adversely to the appellants' present contentions. In the first place, as to ownership of the land, "(f)orcible entry and detainer is a possessory action, and in such action it is immaterial whether the party dispossessed by the forcible entry had title or even rightful possession." Kimes v. Conran, Mo.App., 9 S.W.2d 549. Since it is a possessory action and does not involve title to the land, "the law does not call for the same degree of accuracy in describing lands in such a case as the one at bar as is required in a boundary dispute". Steinke v. Leicht, Mo.App., 235 S.W.2d 115, 121. And while by statute original jurisdiction is in the magistrate court and, of course, both courts must have jurisdiction of both parties and subject matter (State ex rel. Kelly v. Trimble, 297 Mo. 104, 247 S.W. 187), "on appeal the complaint may be amended in any respect not involving the changing of the cause of action as originally stated." Safety Savings & Loan Association v. Williams, 228 Mo.App. 595, 599, 71 S.W.2d 848, 850. In that case it was claimed that "as the justice court has exclusive original jurisdiction in unlawful detainer actions, the jurisdiction of the circuit court is derivative * * * that if the justice court has no jurisdiction the circuit court had none on appeal" and "that the making of C. M. Grimes a party to the cause in the circuit court is a change in the cause of action and a departure from the cause as it existed in justice court." The court agreed that Grimes was not properly made a party in the circuit court but it was held that the cause was not to be reversed for that reason because "it has been uniformly held that the substitution of a party having the legal right to sue, in the place of the one improperly named as plaintiff, is permissible and does not change the cause of action." Here in both the magistrate court and in the circuit court the complaint contained a legal description (too lengthy to insert here) of the land upon which the bowling alley was constructed and while it may not have been necessary to amend (Folger v. Lowery, Mo.App., 210 S.W.2d

1011, 1015), "the complaint may be amended so as to obviate the defects of uncertainty and indefiniteness in the description of the land, or in any other respect not involving a change in the cause of action originally stated." Allen v. Jackson, Mo.App., 216 S.W. 539, 541.

■ As to allegations as to termination, the complaint alleged and attached as exhibit A the entire lease-sale agreement, it alleged the defendants' occupancy under the lease and that beginning in 1964 they "have failed, neglected and refused to pay the rent provided in said lease," that they had been served with notice of the default, a demand and notice to vacate and as previously stated by its own terms the lease provided that "(i)n the event of the failure on the part of the Lessees to pay any installment of rent promptly * * * the Lessor shall have the option to terminate this lease." In Kansas City Building & Loan Ass'n No. 6 v. Harding, Mo.App., 58 S.W.2d 795, 796, the court said, "The point of jurisdiction is placed upon an alleged insufficient statement and a lack of proper affidavit. The complaint is in conventional form and charges all necessary jurisdictional facts and states that plaintiff at a given time had the legal right of possession to certain described premises, it being an apartment, and that defendant willfully, unlawfully, and without force holds over and detains said apartment 'after the termination of the time for which said apartment was demised or let to her or the person under whom she claims.' * * * The complaint in this case is made in the usual manner and is ample to meet a substantial compliance with all necessary requirements, and is sufficient to confer jurisdiction and support the judgment rendered." See also Folger v. Lowery, Mo.App., 210 S.W.2d l. c. 1014 and Equity Building & Loan Ass'n v. Murphy, 75 Mo.App. 57, 61.

■ The final point which hardly goes to jurisdiction in the sense urged here, that the evidence is "insufficient to support any judgment for the plaintiff," is based upon

the assertions that the notice "relied upon by plaintiff to give him a right to possession is wholly insufficient" and that on June 19, 1965, plaintiff accepted $400.00 in part payment of rentals and therefore "waived any right to forfeiture until another rent month has passed, at least." These claims all but answer themselves and are really directed against what the appellants characterize as the "harsh remedy of unlawful detainer." As stated, Orla Kemp admitted the arrearages and his inability to make the payments. Unlike the provisions in Waring v. Rogers, Mo.App., 286 S.W.2d 374, in which the terms relied on were held to be "convenants" not "conditions," the provision of this lease as to failure to pay rent and consequent termination "was not a mere convenant, but was a valid and enforceable condition subsequent imposed upon defendant's leasehold interest." Wilson v. Watt, Mo., 327 S.W.2d 841, 850. On January 4, 1965, Mr. Ball's lawyer wrote Orla advising that lessees were "several months delinquent in your rent" and concluded by "declaring a forfeiture of the lease." The sufficiency of this letter as notice is challenged because it provides for less than 30 days' notice and was not a demand on the day due for the precise sum due. Carbonetti v. Elms, Mo.App., 261 S. W. 748. But in addition to counsel's letter, on June 28, 1965, the sheriff served Orla Kemp with a notice to vacate in 30 days "because of default in payment of rent." There was no claim of failure to serve any notice whatever as in Folger v. Lowery, supra, and in any event the assignment and argument do not prove or demonstrate the claim of no proof "to support the judgment entered in this case." Wilson v. Watt, 327 S.W.2d l. c. 851. All this is to the point that there was an unequivocal "intention to claim a forfeiture and demand possession, (will be) equivalent to a re-entry. * * * And if this be true the respondent here did in legal effect make a re-entry, or at least its conduct was such as to preclude a holding as a matter of law that it waived the forfeiture of the lease." Lucas Hunt Village Co. v. Klein, 358 Mo.

1054, 218 S.W.2d 595, 598. In any event as the court said of a petition, these claims even if meritorious in part would not render the proceeding "an absolute nullity" (Utt v. Winfrey, Mo.App., 235 S.W. 185, 186), neither do they establish the appellants' basic claim here of no evidentiary support for the judgment.

For the reasons indicated the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.