

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

RQ 820

October 30, 1974

The Honorable Richard Gibson, Director
Law Office of the University of Texas
System                                    Opinion No. H- 436
601 Colorado Street
Austin, Texas 78701                       Re:  Application of the Open
                                               Records Act to Agenda
                                               material of the University
Dear Mr. Gibson:                               of Texas Board of Regents

You have received three written requests for copies of the material
supporting the agenda for the meeting of the Board of Regents of the
University of Texas System held on September 20, 1974. The material
requested is identical in form to that prepared for every regular meeting
of the Board of Regents and is compiled approximately seven to ten days
prior to the meeting. The document is in book form and consists of more
than 130 legal-sized, single-spaced pages. You have informed us that the
document is traditionally open to public inspection but only after the meeting.

The requestors, all of whom are news media representatives, are
particularly interested in obtaining copies of the document before the
meeting since it discusses in great detail the questions to be considered
by the Board. It has been alleged that without the document it is difficult
to follow the discussion or actions of the Board.

Requests have been made for the materials supporting the agenda for
prior meetings, and it has been indicated that requests will be made with
respect to future meetings. Because of the extremely short time period
between the preparation of the document and the time that the meeting to
which it relates is held, it is necessary to consider these requests in
general terms as otherwise any request for a specific document would be
quickly mooted when the meeting was completed.

The document requested is organized by agenda item. The Chancellor's
recommendation to the Board of Regents along with factual material sup-
porting the recommendation is usually found under each item. A recommenda-
tion to the Chancellor from a President of one of the component institutions

and a recommendation to the President from a dean or other administrative official will often be included under an agenda item.

You suggest that almost all of the material requested is excepted from disclosure by virtue of section 3(a)(11) of the Open Records Act, Article 6252-17a, V. T. C. S. That portion of the Act indicates that an exception to the disclosure requirement is provided for

> (11) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than one in litigation with the agency;

This exception in the Open Records Act is patterned after an almost identical provision in the federal Freedom of Information Act, 5 U. S. C. § 552. When the Legislature adopts a statute from another jurisdiction it is presumed that it intended also to adopt the settled construction given it by the courts of that jurisdiction. State v. Wiess, 171 S. W. 2d 848 (Tex. 1943); Blackmon v. Hansen, 169 S. W. 2d 962 (Tex. 1943); High Plains Natural Gas Co. v. Railroad Commission of Texas, 467 S. W. 2d 532 (Tex. Civ. App. --Austin 1971, writ ref'd n. r. e. ).

The exemption in the federal act was specifically designed to protect from disclosure advice and opinion on policy matters and to encourage open and frank discussion between subordinate and chief concerning administrative action. Environmental Protection Agency v. Mink, 410 U.S. 73, 86-87 (1973); Ackerly v. Ley, 420 F. 2d 1336, 1340 (D. C. Cir. 1969); General Services Administration v. Benson, 415 F. 2d 878, 880-81 (9th Cir. 1969); Consumers Union v. Veterans Administration, 301 F. Supp. 796, 806 (S. D. N. Y. 1969), appeal dismissed, 436 F. 2d 1363 (2nd Cir. 1971); H. R. Rep. No. 1497, 89th Cong., 2nd Sess. (1966). Note, The Freedom of Information Act and the Exemption for Intra-agency Memoranda, 86 HARV. L. REV. 1047 (1973); Comment, The Freedom of Information Act and its Internal Memoranda Exception: Time for a Practical Approach, 27 S. W. L. J. 806 (1973); Note, The Freedom of Information Act --The Parameters of the Exceptions, 62 GEO. L. J. 177 (1973). The exception is based on a recognized privilege from discovery afforded to deliberations or recommendations as to policy. Machin v. Zuckert, 316 F. 2d 336, 339 (D. C. Cir. 1963), cert. denied, 375 U.S. 896 (1963); Boeing Airplane Co. v. Coggeshall, 280 F. 2d 654, 660 (D. C. Cir. 1960).

To the extent that portions of the document requested consist of advice and recommendations, those portions are not required to be disclosed. The University contends that the document is permeated with recommendation and advice causing almost all of it to be protected. Based on the material you have provided, we do not agree. With some exceptions the recommendations consist of only a sentence or two with the remainder of the information under the agenda item containing factual material. The factual information can and should be severed from the portion containing opinion and advice and is to be disclosed. Mink, supra; National Cable Television Association v. F. C. C. , 479 F. 2d 183 (D. C. Cir. 1973); Ethyl Corp. v. Environmental Protection Agency, 478 F. 2d 47 (4th Cir. 1973); Benson, supra; Consumers Union, supra.

You also claim that several items are exempted under sections 3(a)(4) and 3(a)(5) of the Act. These exceptions concern information relating to the location of public property before a project is announced and to information which would give advantage to competitors or bidders. You contend that 25 items fall in one or both of the categories. We have inspected each of the items, but are unable to determine how or why these exceptions cited might apply to any of them. The Act is clearly structured to require the agency to bear the burden of establishing that requested information falls within an exception. The bare claim that this exception applies without additional indication of how competitors might obtain an advantage, or without a specific indication that there has been no prior announcement of a particular project, does not provide us with a sufficient basis on which to agree that these exceptions apply. We believe a 3(a)(4) or 3(a)(5) claim by an agency must be accompanied by information detailing why the exception applies. Without such a demonstration, the presumption in favor of disclosure prevails, and the information must be made public.

### SUMMARY

The material supporting the agenda of the University of Texas Board of Regents meeting is public information insofar as it reflects factual matters. Claims that release of information would give advantage to competitors must be accompanied by an indication detailing why the exemption applies.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 2017

The Honorable Richard Gibson, page 4  (H-436)

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee