Carol MANIACI et al., Appellants,

v.

Harold HUTCHINGS et ux., Respondents.

No. 39757.

Missouri Court of Appeals, Eastern District, Division Three.

April 24, 1979.

James M. Martin, Mark R. Bahn, St. Louis, for appellants.

Thomas J. Briegel, Union, for respondents.

CLEMENS, Senior Judge.

Unlawful detainer. Plaintiff-owners have appealed from an adverse judgment. Their petition in the magistrate court described their property as "a 133 acre farm containing a dwelling house and outbuildings, adjacent or near to Old State Road, R.R. # 1, Beaufort, Missouri." On trial the magistrate dismissed plaintiffs' petition on

the ground "there is no description of the property."

Plaintiffs duly appealed to the circuit court. There they filed an amended petition giving a metes-and-bounds description of their farm. Defendants moved to dismiss on the ground that because of the inadequate real estate description in the magistrate court that court had never acquired jurisdiction, and therefore the circuit court had no jurisdiction on appeal.

Ignoring plaintiffs' amended petition then before it, the circuit court sustained defendants' motion to dismiss. Plaintiffs have appealed and we reverse and remand.

Defendants argue that because the original land description was inadequate the magistrate never had jurisdiction, and therefore the circuit court acquired none on appeal. They contend § 512.300, VAMS, generally permitting amendments on appeal to the circuit court is inapplicable in unlawful detainer. This is correct since Chapter 534, RSMo.1969, Forcible Entry and Unlawful Detainer, is a preclusive code unaffected by the ordinary rules in civil cases. *Gary Realty Co. v. Kelly*, 278 Mo. 450, 214 S.W. 92[4] (1919). However, § 534.550, VAMS, provides that on appeal from a magistrate court the circuit court shall try the case "without regarding any error, defect or informality" in the magistrate court. Down through the years this clause has been uniformly construed to permit amendments on appeal to the circuit court, particularly to make real estate descriptions more definite. See *Roberts v. Lynch,* 15 Mo.App. 456, l. c. 453 (1884); *Schworer v. Christophel,* 72 Mo. App. 116, l. c. 119 (1897); *Allen v. Jackson,* 216 S.W. 539[34] (Mo.App.1919); and see *Safety Savings & Loan Ass'n v. Williams,* 228 Mo.App. 595, 71 S.W.2d 848[3, 4] (1934), where the court said: ". . . on appeal the complaint may be amended in any respect not involving the changing of a cause of action as originally stated." Here, on appeal to the circuit court plaintiffs properly filed just such an amendment.

Reversed and remanded.

REINHARD, P. J., and GUNN, J., concur.