David T. KIEFER, et al., Respondents,

v.

FIRST CAPITOL SPORTS CENTER, INC., Appellant.

No. 47321.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 9, 1985.

Application to Transfer Denied Feb. 26, 1985.

Schiff & Van Dillen, Jack B. Schiff, Clayton, William C. Wefel, St. Louis, for appellant.

Claude C. Knight, St. Charles, for respondents.

JAMES J. GALLAGHER, Special Judge.

This is an appeal from a judgment of the Circuit Court of St. Charles County, Missouri, awarding the respondent damages in unlawful detainer under § 534.030 RSMo 1978.[1] The property involved is improved real estate located in St. Charles, Missouri, owned by Roy R. Thoele and Madonna J. Thoele. They conveyed this real estate in limited trust to Joseph C. Meek, trustee, on July 7, 1971, for a term of 133 months to August 7, 1982. On March 7, 1980, David T. Kiefer was appointed successor trustee for the remaining term. The trust created was one known as a "Clifford Trust" described in the trial as a tax saving device wherein legal ownership of designated assets is transferred to a trustee in order that income will go to beneficiaries who may be in a lower tax bracket. It was suggested by questions in the trial that the Internal Revenue Code and regulations set forth the legal requirements for such a trust, but any such requirements were not detailed in evidence except an accountant witness testified that such a trust must be in effect for at least ten years.

On January 18, 1978, Roy R. Thoele and Madonna J. Thoele, designated as lessor, entered into a lease of the trust property with First Capitol Sports Center, Inc., as lessee, for a term of three years commencing February 1, 1978, and ending January 31, 1981, with monthly rental at $1,400.00. The lease was signed by the Thoeles as the lessor and by William C. Wefel on behalf of First Capitol Sports Center, lessee. Mr. Wefel was an attorney, stockholder and officer in the lessee corporation. He was not aware of the trust agreement. The lease does not mention the trust nor was the trustee, at that time Joseph C. Meek, designated as a party to the lease.

During the term of the lease, Roy R. Thoele managed the property. He received the rent payments, handled all maintenance questions with the tenant and transacted the insurance. After David Kiefer became trustee, he recommended to Mrs. Thoele that the lessee be directed to make the rental checks payable to David T. Kiefer, trustee, even though Roy Thoele would receive the checks and deposit them to the trust beneficiaries' account. The lessee complied but did not inquire as to the nature of the trust arrangement. When the lease ended in January 1981 Mr. Wefel negotiated for First Capitol with Mr. Thoele for a new lease. During initial negotiations, First Capitol Sports Center remained on the premises on a month to month basis continuing to pay $1,400.00 monthly. These payments were accepted by Roy Thoele. The lessee never negotiated with David Kiefer, trustee. Discussions between Thoele and Wefel failed and on or about July 25, 1981, First Capitol received a written notice to terminate tenancy effective August 31, 1981. This notice was signed by David T. Hamilton, Attorney for Roy Thoele, owner.

After receiving written notice to terminate, Mr. Wefel of First Capitol received information that Roy Thoele was not the owner but that the property was in trust. No investigation was made as to the nature of the trust nor the extent of Roy Thoele's authority. First Capitol remained in possession under the assumption that the notice to terminate was invalid since David

---

[1]. All statutory references are to RSMo 1978 incorporating the 1980 amendments.

Kiefer was the trustee and he was the owner and entitled to possession under § 441.060 not Roy Thoele. However, First Capitol did vacate the premises on May 31, 1982, pursuant to a written notice of termination delivered to David Kiefer by Mr. Wefel. First Capitol Sports Center paid a monthly rental of $1,400.00 for each month except the month of May 1982 for which it sent a check in the amount of $700.00 and applied a $700.00 security deposit to the rental.

On September 15, 1981, attorney David Hamilton filed a verified petition in the associate circuit court of St. Charles County for unlawful detainer, the parties being Roy Thoele, plaintiff, and First Capitol Sports Center, Inc., defendant. An amended petition was filed in October, and in February 1982 a motion by plaintiff sought "an order joining and substituting David T. Kiefer as a plaintiff" in the associate division. The motion was granted and David T. Kiefer, trustee, was "joined as plaintiff" and "ordered substituted for plaintiff Roy Thoele", this being the language of the court order. Although the order permitting joinder was imprecise in form, it appears from the record that Roy Thoele continued to be regarded as a party and was not discharged.

In the trial court judgment was entered in favor of plaintiffs in unlawful detainer in the amount of $1,400.00 per month for a period of nine months multiplied by two for statutory damages, for a total of $25,200.00 less credit of $11,900.00 for amounts paid, leaving a balance due of $13,300.00.

The principal issue is whether the written notice to the lessee, First Capitol Sports Center, Inc., to terminate tenancy under §§ 441.050 and 534.030, in an action for unlawful detainer was valid. Appellant contends Roy Thoele was not entitled to possession nor a proper agent and therefore could not give a valid notice of terminate tenancy. Collateral issues concern whether the petition in unlawful detainer was properly amended as to the party plaintiff and whether the amount of damages awarded was correct. We affirm on all issues.

The lease, from its inception to final termination, was not a model of landlord-tenant relations. The original lease designated Roy R. Thoele and Madonna J. Thoele as lessors in 1978 when in fact the property was in trust with Joseph C. Meek as trustee. However, the validity of this lease was not an issue in the trial court or in this appeal. There was oral evidence that Meek authorized Roy Thoele to sign the lease. During the term of the lease, it is quite evident that Roy Thoele managed the property in all particulars. He collected and deposited the rent, provided for insurance, received complaints on upkeep and maintenance, and negotiated with the tenant for a new lease when the original lease expired.

At this point it should be noted that after termination of the fixed term in the written lease to First Capitol Sports Center, a notice to the tenant to quit the premises would not have been required. See § 441.070; Kilbourne v. Forester, 464 S.W.2d 770, 774 (Mo.App.1970). If the tenant holds over with some form of consent from the landlord or his agent, then the possession may ripen into a form of tenancy generally at will and for a period of time usually for a month or more depending on the intention of the parties as indicated by their actions. The lessee in this cause became a tenant at will on a month to month basis. Both parties agree as to the month to month tenancy but disagree as to whether the tenancy should be characterized as one "at will" or "by sufferance". For a discussion of the distinction, See Kilbourne v. Forester, 464 S.W.2d at 775, 776. The difference is not a matter of concern in this appeal but it is clear that the hold over tenancy in this matter is one at will on a month to month basis.

Thus, the problem of notice in this cause arises out of the fact that the tenant First Capitol Sports Center, Inc. held over after the fixed term of the written lease, establishing a new form of tenancy. But a new term of tenancy is not created without some form of consent on the part of the

landlord or his agent. There must be some facts which indicate an assent by the landlord or agent to a tenancy. *Millhouse v. Drainage Dist. No. 48 of Dunklin County*, 304 S.W.2d 54, 59 (Mo.App.1957). In holding over after January 1981, the tenant through its officer and agent William Wefel continued to deal exclusively on negotiations and rent payments with Roy Thoele.

The evidence in the trial court revealed no contact or discussions with the trustee Kiefer. Therefore, the consent necessary to establish the hold over month to month tenancy came by and through Roy Thoele acting as agent for the trustee Kiefer.

■ We must defer to the trial court's determinations unless they are against the weight of the evidence or the product or erroneous application of the law. Rule 73.-01(c); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This requirement is applicable to appellate review in unlawful detainer. *Cusumano v. Outdoors Today, Inc.*, 608 S.W.2d 136, 139 (Mo.App.1980). There was sufficient credible evidence before the trial court on which it could base its finding that Roy Thoele was acting as agent for the trustee David Kiefer. This included direct testimony of Kiefer and the accumulated uncontroverted actions of Roy Thoele over a number of years in which he handled all aspects of the management of the leased premises including the hold over period in which the lessee negotiated exclusively with Roy Thoele. There was also evidence that Roy Thoele contacted attorney David Hamilton with regard to the notice to First Capitol Sports Center to vacate the premises and the notice was identified by Thoele thus establishing authority for attorney Hamilton.

■ It is agreed that a properly designated agent could serve notice to terminate a tenancy. But appellant argues that such an agency must be clearly authorized and his actions ratified. Appellant emphasizes the fact that Roy Thoele represented himself to be the owner in the written lease and in the termination notice. From this, appellant argues that Thoele is not a proper agent and is barred from contradicting

his written assertion of ownership. However, the trial court had before it not only the documents in which Thoele was improperly designated as owner, it also had sufficient evidence of Thoele's actions as agent over a period of years, acting with the approval of the trustee, in all aspects of managing the property. The improper designation of title by Thoele does not bar or invalidate his actions as agent during the term of the written lease and in the hold over tenancy. It would seem incongruous to permit the tenant to rely on the acts of the agent Thoele to establish a month to month hold over tenancy yet deny that same agent authority to order termination of such a tenancy.

■ Appellant also claims that in this trust arrangement, known as a "Clifford Trust", the trustee was prohibited from delegating any authority to Thoele, the settlor. In support, general authority on the law of trusts is cited. However, there is no evidence that this trust was disapproved by the Internal Revenue Service or that the arrangements were in violation of any Internal Revenue Code provision or regulation. Certainly no such law was pleaded or offered in evidence. The evidence in the trial court indicated that the trust arrangement ran its term of ten years as provided, without question by the Internal Revenue Service. The validity or propriety of the trust operations is not a matter for approval or disapproval in this appeal, having never been properly raised in the trial court. *Ohlendorf v. Feinstein*, 636 S.W.2d 687, 690 (Mo.App.1982).

■ In the original unlawful detainer petition filed by Roy Thoele in the associate circuit court, the trustee David Kiefer was not named as a party plaintiff. Five months after suit was instituted, a motion was filed in the associate circuit court requesting that David T. Kiefer, trustee, be joined and substituted as a party plaintiff pursuant to Rule 52.06. This motion was granted. Appellant argues that this action was erroneous since Roy Thoele had no standing to initially file an action in unlaw-

ful detainer, and thus there could be no addition or substitution of party-plaintiffs in that action. This claim is without merit. The parties dispute whether David Kiefer was joined in addition to Roy Thoele as a party or whether there was a substitution of Kiefer for Thoele. However, upon examination of the record and actions of the parties, it appears that the trial court regarded both Thoele and Kiefer as parties and that pleadings filed by the plaintiffs and defendant mentioned Kiefer and Thoele as party-plaintiffs.

Supreme Court Rules are applicable in actions before associate circuit courts to "the maximum extent practicable" except where otherwise provided by law or rule. § 517.020. Rule 52.06 provides for the addition of parties at any stage of an action on terms that may be just. The action in unlawful detainer was pending in the associate circuit court at the time David Kiefer was added as a party-plaintiff. No new cause of action was stated nor was the joinder of Kiefer in violation of the applicable statute of limitations. It should also be noted that this is an appeal from the judgment of the circuit court on appeal from the associate circuit court. Section 512.270 provides that on such appeal, the circuit court shall try the case "without regarding any error, defect, or other imperfection ..." in the associate division. This is applicable to claims in unlawful detainer. *Maniaci v. Hutchings*, 581 S.W.2d 912 (Mo.App. 1979).[2] The circuit court had jurisdiction to hear the cause in unlawful detainer and it entered a valid judgment therein.

Finally, appellant contends the trial court erred in computing the allowable damages. It appears that for the last month in which appellant First Capitol Sports Center made rental payments, it credited a $700.00 security deposit to its rental payment and forwarded a check in the amount of $700.00. The trial court did not consider the credit taken for the security deposit to be rental payment. Appellant filed no claim for a set-off of the $700.00 security deposit and no evidence was offered as to the circumstances under which the security deposit was to be applied, credited, or returned. Therefore the trial court properly disregarded appellant's unilateral credit of the security deposit to the rent payment in determining damages in this action.

The judgment is affirmed.

DOWD, P.J., and SATZ, J., concur.

---

**2.** When *Maniaci v. Hutchings,* supra was decided, § 534.550 RSMo 1969 governed appeals from the magistrate court to the circuit court in an unlawful detainer action. As of January 2, 1979, this section was repealed. However, this appellate process has remained substantially the same by the enactment of § 534.380 RSMo 1978, which refers the appellant to Chapter 512. This Chapter governs the appellate process generally, with § 512.270 RSMo 1978 concerning appeals from magistrate courts to circuit courts, particularly.